■ GLORIA M. PRINCE, Appellant, v. CITY OF NEW YORK, Respondent.— Judgment in this personal injury negligence action, entered on June 27, 1963, pursuant to directed verdict for defendant at the end of the case, unanimously reversed and verdict vacated, on the law, and a new trial ordered, without costs to any party. On a motion by a defendant for a directed verdict, the facts adduced at trial must be considered in the light most favorable to plaintiff. Plaintiff testified that patches of lumpy ice had been on the sidewalk by the school for about a week during which there had been periods of thawing weather. She said she slipped on the lumpy patch after it had been lightly covered with fresh snow. These facts warrant submission of the case to the jury (see 27 N. Y. Jur., Highways, Streets, and Bridges, § 480). Although plaintiff's case may be dubious, a verdict may not be directed since the standard is not whether a verdict on her behalf would be set aside as contrary to the weight of the credible evidence, but whether the jury could find for her by any rational process (see Blum v. Fresh Grown Preserve Corp., 292 N. Y. 241; 4 Weinstein-Korn-Miller, N. Y. Civ. Prac., pars. 4401.14–4401.17). Concur — Botein, P. J., Breitel, McNally, Stevens and Eager, JJ.