KATIE WEBER, Respondent, v. CITY OF NEW YORK, Appellant-Respondent, and CHARLES G. KELLER et al., Appellants, et al., Defendants.— In an action to recover damages for personal injury sustained when the defendant Abruzzo, the owner and operator of a half ton pick-up truck, after having gasoline pumped into the gasoline tank of his vehicle in the gasoline service station located on the northwest corner of Marcy Avenue and Flushing Avenue in Brooklyn, backed up his vehicle to proceed to another facility of the station and struck the plaintiff, a pedestrian on the sidewalk; and in which the jury after trial rendered a verdict in the sum of $75,000 as against all defendants; and in which the court, to whom the issues of the cross claims had been referred, dismissed the cross claims of the owners and of the lessee of the service station against the defendant driver Abruzzo, and granted judgment to the City of New York on its cross claim against the other defendants, all the defendants (other than defendant Abruzzo) appeal as follows from a judgment of the Supreme Court, Kings County, entered July 31, 1964: (1) The defendant City of New York appeals from so much of the judgment as adjudged that the plaintiff recover the sum of $75,000 plus costs as against it. (2) The defendants Charles G. Keller, Doris Hamlin and Lawrence Keller, the owners of the service station (who are out of possession), and Irving Kantor, doing business as J & K Service Station, the surviving lessee and operator of the service station, appeal, as limited by their brief, from so much of the judgment as in favor of the plaintiff against them. Judgment, insofar as appealed from by the respective parties, reversed on the law and the facts, without costs; complaint dismissed as to all appellants, without costs; the action severed as to the defendant Ignatius Abruzzo; and, in view of the reversal of the judgment as against the City of New York, the judgment insofar as it is in favor of the city on its cross claims is vacated. The vehicle involved in this accident was a half ton pick-up truck, about 5½ or 6-feet wide. The paved sidewalk on the westerly side of Marcy Avenue was 18 feet wide from the curb to the building line. The area immediately east of and adjacent to the sidewalk was similar in construction to the sidewalk and was at least wide enough to park an automobile. The easterly outside edge of the island containing the gasoline pumps was 7 feet from the building line. Thus, the easterly edge of the

island was 25 feet from the curb. The other side of the island was about 8½ feet from the building line. There was proof that the filed and approved plans for the service station required the pumps to be located 10 feet, or at least 10 feet, from the building line. An architect, called as an expert, testified in substance that under architectural standards the average allotted was 8 feet for a driveway for passenger cars and 10 feet for a driveway for trucks and that, in his opinion, the architectural safety standards required gasoline pumps to be located at least 10 feet from the building line so that there would be no requirement to park and drive vehicles on the sidewalk. "Words put in the form of an opinion uttered by a witness, even though he be an expert, cannot create an issue of fact when the factual basis for the opinion does not sustain his conclusion" (*Strasberg* v. *Equitable Life Assur. Soc.*, 281 App. Div. 9, 13). The plaintiff's general theory of liability, as against the defendants other than the driver Abruzzo, was expressed in her amended bill of particulars as follows: They "were negligent in permitting the sidewalk and the highway in front of and adjoining the premises * * * to be used in a negligent, careless and dangerous manner by *themselves,* their servants, agents and/or employees placing the gasoline pumps too close to the public sidewalk and in placing too many and too large cuts in the curbs, so that it became necessary and caused motor vehicles using the gasoline pump and using the station facilities to drive across the public sidewalk using the public sidewalk as a driveway and obstructing the said sidewalk while using the said facilities, all of which was done and used in an inherently dangerous manner, causing an obstruction of the public sidewalk, endangering the public use thereof and without any warning to or protection of the public" (emphasis in original). In its opinion, the trial court stated that the "case against all the defendants, except the driver of the truck, was given to the jury on the theory that it might properly find that the premises involved herein were so constructed and continuously operated and maintained that same were a danger to pedestrians and constituted a nuisance; that their use as a gasoline service station might reasonably be expected to be inherently dangerous to passersby upon the adjacent sidewalk if the business of the service station were not carefully operated. In other words, that by reason of the location of the pumps and other facilities and the location and area of the premises and the use thereof and all the other surrounding circumstances shown by the evidence, it might reasonably have been foreseen that the danger to pedestrians using the sidewalk would result from the negligent operation of an automobile being moved about the premises and adjacent sidewalk, in the continuous and normal use of the facilities of the service station." In substance, the verdict against the appellants was based upon the grounds: (1) that the location of the pumps, the location of the buildings and other facilities and the use thereof under all the surrounding circumstances constituted negligence; (2) that it was foreseeable that dangers to pedestrians using the sidewalk would result from the negligent operation of an automobile being moved on the premises and the adjacent sidewalk; (3) that the construction of the service station was inherently dangerous; (4) that the service station was so constructed and arranged that the use thereof for the purposes for which it was constructed was dangerous; (5) that the occurrence of such an accident was foreseeable; and (b) that the dangerous construction was a proximate cause of the accident. In our opinion, there was no evidence to support the theory of liability on which the verdict was based. There was no causal connection between the location of the pumps and the negligent operation of the automobile which was the sole cause of the accident (*Tauraso* v. *Texas Co.,* 275 App. Div. 856, affd. 300 N. Y. 567). We do not pass upon

the issue as to whether the verdict was excessive. Beldock, P. J., Ughetta, Brennan, Hopkins and Benjamin, JJ., concur.