■ SHAUL PULKA, Respondent, v LILLIAN EDELMAN et al., Defendants, and ACE GARAGE, Appellant.—Order, Appellate Term, Supreme Court, First Department, entered on April 18, 1975, affirmed on opinion of the Appellate Term. Respondent shall recover of appellant $60 costs and disbursements of this appeal. Concur—Kupferman, J. P., Lupiano, Tilzer and Capozzoli, JJ.; Murphy, J., dissents in the following memorandum: I disagree with my colleagues since the effect of an affirmance in this case is to impose an unwarranted strict liability on all persons having lawful curb-cuts, such as owners of off-street parking facilities (including garages and apartment and private home owners, commercial enterprises receiving and shipping merchandise and gasoline stations), irrespective of the clear negligence of the driver of the offending vehicle. In the instant case, appellant garage was found by the jury to be partially (25%) responsible for plaintiff's injuries. Conflicting versions of how the accident occurred were given at the trial. Everyone agrees that Edelman, the operator of the car, was driving it when

it struck plaintiff. Edelman and two garage employees testified that the vehicle was driven out of the garage and across the sidewalk by an employee before being turned over to Edelman. Plaintiff and a business acquaintance testified that Edelman drove the car out of the garage himself. The investigating police officer, who was not a witness to the accident, supported Edelman's version by recalling plaintiff's statement at the scene that he was required to enter the roadway because the Edelman car was blocking the sidewalk. (Plaintiff testified he was struck while walking on the sidewalk.) The jury chose to believe plaintiff's version and the holdings below are predicated thereon. Liability was imposed on the garage based on testimony that it knowingly permitted its employees and patrons to drive out of the facility and across the adjacent sidewalk without first stopping, as required by statute. (Vehicle and Traffic Law, § 1173.) The Trial Judge set aside the verdict against the garage owner because Edelman's intervening negligence was the proximate cause of the accident and "immunized" said owner against liability for its own negligence. The Appellate Term reinstated the verdict, finding sufficient evidence adduced to sustain the conclusion that the garage's negligence was a concurring proximate cause. I disagree. Section 1173 of the Vehicle and Traffic Law imposes a duty only on the driver of a vehicle and I find no authority or justification for applying it to fix liability on anyone else. The only asserted theory for holding the garage responsible is that it is a special user of the sidewalk and therefore responsible for the foreseeable negligence of its patrons. However, similar attempts to create a causal connection between the manner in which premises were maintained and the negligent operation of a motor vehicle, in analogous situations, have been properly rejected *(Weber v City of New York,* 24 AD2d 618, affd 17 NY2d 790; *Tauraso v Texas Co.,* 275 App Div 856); and should also be rejected here. Accordingly, the order appealed from should be reversed and the judgment for appellant garage owner reinstated.