■ PAUL OUIMET, Appellant, v HUMBLE OIL & REFINING COMPANY, Doing Business as ESSO, Respondent. (Appeal No. 1.)—Judgment unanimously affirmed, without costs, Simons, J., not participating. Memorandum: Plaintiff Paul Ouimet was struck and injured by a bicycle, driven by 11-year-old David Rodman, at a gas station owned by Humble Oil & Refining Company, doing business as ESSO (hereinafter Humble), and leased to Harry Kiser, doing business as RAK ESSO Service Station (hereinafter Kiser). This negligence action was commenced against David and his father, Jack Rodman, Humble and Kiser. At the close of the evidence, the trial court dismissed the complaint against Jack Rodman, Humble and Kiser. The jury then found that plaintiff had no cause of action against David Rodman. On appeal, plaintiff contends that the motions of Humble and Kiser for directed verdicts were erroneously granted. A motion for a directed verdict requires the court to take that view of the evidence which is most favorable to the nonmoving party *(Bartkowiak v St. Adalbert's R. C. Church Soc.,* 40 AD2d 306, 309; *Wessel v Krop,* 30 AD2d 764; *Prince v City of New York,* 21 AD2d 668). Where different inferences may be drawn from undisputed facts, or where the facts are in dispute, or where the issue depends upon the credibility of witnesses, a motion for a directed verdict should be denied *(Sadowski v Long Is. R. R. Co.,* 292 NY 448, 454–455). The view of the evidence most favorable to plaintiff indicates that the jury could have found that Kiser knew that David Rodman had regularly used the gas station premises as a shortcut, as he was doing at the time of this accident, and that Kiser had never told him not to do so. The jury may have concluded that Kiser's failure to warn David to stay off the premises unless he had business there constituted a breach of his duty to take reasonable

precautions to protect his customers from injuries which could reasonably be anticipated (see *Watson v Adirondack Trailways*, 45 AD2d 504). Specifically, the jury may have found that Kiser knew that he could control the activities of third parties on his premises, that he had the opportunity to do so and that he was reasonably aware of the necessity for doing so (see *Bartkowiak v St. Adalbert's R. C. Church Soc.,·supra*, p 310). The evidence most favorable to plaintiff could support an inference of negligence (see *Scurti v City of New York*, 40 NY2d 433; *Basso v Miller*, 40 NY2d 233). Assuming that Kiser permitted or acquiesced in allowing neighborhood children to use his premises as a shortcut while riding their bicycles and that such conduct was negligent, a further question arises as to whether that negligence was a proximate cause of plaintiff's injury. An act is a proximate cause of an injury if it is in clear sequence with the result and if it could have been reasonably anticipated that the consequences complained of would result from the act *(Bolsenbroek v Tully & Di Napoli*, 12 AD2d 376, affd 10 NY2d 960). Here, although one cause of the result was David Rodman's operation of his bicycle, it cannot be categorically stated that it was the sole cause. If Kiser failed to warn David to stay off the premises, that omission could be found to be in clear sequence with plaintiff's resulting injury (see *Sherman v Concourse Realty Co.,* 47 AD2d 134, 139). The trial court properly granted Humble's motion for a directed verdict. The evidence is insufficient to warrant a finding that Humble knew or should have known that neighborhood children used the gas station premises as a shortcut. Additionally, the injury was the result of momentary dangerous conditions which Humble could not be expected to discover upon an inspection of the station pursuant to the terms of its lease with Kiser. Finally, there is no indication that Humble either controlled or had the right to control the conduct of third parties while on the gas station property. There is, therefore, no support for an inference of negligence on the part of . Humble so as to create·a jury question on the issue of its liability. Plaintiff's assertion that he was unduly restricted in developing Kiser's knowledge of children riding bicycles on his premises is without merit; the record clearly indicates Kiser had such knowledge and thus any error committed in this regard was harmless. We have considered the plaintiff's remaining contentions and find them to be without merit. (Appeal from judgment of Onondaga Supreme Court—negligence.) Present—Moule, J. P., Simons, Dillon, Goldman and Witmer, JJ.