■ DEBORAH GRANDY, Respondent, v BARBARA A. BAVARO et al., Respondents, and C. F. MARTS, INC., et al., Appellants, et al., Defendant.—Order reversed on the law without costs, and appellants' motion granted, in accordance with the following memorandum: The court erred in denying appellants' motion for summary judgment. Plaintiff instituted this action against appellants, the owners and lessees of a small convenience store, alleging that they were negligent in failing to install barriers between the parking lot and the sidewalk in front of the store, failing to demarcate the boundary between the sidewalk and the parking lot, failing to warn patrons of the danger of being struck by a car, and failing to warn drivers of the presence of pedestrians. The proof on appellants' motion for summary judgment established that plaintiff was walking on the sidewalk in front of the store when she was struck by a car driven by defendant Bavaro. Bavaro, who had neither a driver's license nor a learner's permit, was attempting to pull into a parking space adjacent to the side-

walk when, according to her conflicting statements, she either hit the accelerator or simply failed to apply adequate braking force. As a consequence, the car went up on the sidewalk, pinning plaintiff against the building. The sidewalk is concrete and is distinctly separated from the blacktop parking lot by a two-inch curb. The accident occurred at dusk and the parking lot was well lighted.

In response to appellants' motion, plaintiff failed to establish that appellants had a duty to install barriers, otherwise demarcate the sidewalk from the parking lot, or warn pedestrians or drivers of particular hazards. Appellants had a duty to use reasonable care under the circumstances, considering the likelihood of injury, the seriousness of potential injury, and the burden of avoiding the risk *(see, Kush v City of Buffalo,* 59 NY2d 26; *Basso v Miller,* 40 NY2d 233). That duty does not require appellants to guard against the unforeseeable risk that a car driven by an inexperienced driver will jump the curb and strike a pedestrian. To impose such burden would be excessively onerous *(see, Marcroft v Carvel Corp.,* 120 AD2d 651, 652, *lv denied* 68 NY2d 609; *cf., Pulka v Edelman,* 40 NY2d 781).

Moreover, even if appellants had a duty to demarcate the sidewalk from the parking lot and warn drivers and pedestrians, their failure to do so was not a proximate cause of the accident. The accident occurred, not because of the driver's inability to perceive the sidewalk or to recognize the dangers of driving over it, but because the driver was unable to control her vehicle. Thus, the cause of the accident is completely unrelated to the acts of negligence alleged by plaintiff *(see, Weber v City of New York,* 24 AD2d 618, 619, *affd* 17 NY2d 790).

All concur, except Pine, J., who dissents and votes to affirm in the following memorandum.

Pine, J. (dissenting). I would affirm. "Negligence cases by their very nature do not usually lend themselves to summary judgment, since often, even if all parties are in agreement as to the underlying facts, the very question of negligence is itself a question for jury determination" *(Ugarriza v Schmieder,* 46 NY2d 471, 474).

I see no basis for the majority's conclusion that as a matter of law a property owner's duty to use reasonable care under the circumstances in maintaining its property in a safe condition *(Kush v City of Buffalo,* 59 NY2d 26, 29; *Basso v Miller,* 40 NY2d 233, 241) cannot include protecting pedestrians on

the sidewalk from motor vehicles which might fail to stop properly when driving straight toward the front of a store. As *Kush (supra,* at 29-30) points out, "[d]efining the nature and scope of the duty and to whom the duty is owed requires consideration of the likelihood of injury to another from a dangerous condition or instrumentality on the property; the severity of potential injuries; the burden on the landowner to avoid the risk; and the foreseeability of a potential plaintiff's presence on the property". It seems to me far more likely that a car would fail to stop when driving into the parking area in front of the convenience store than that an eight-year-old child would pick up dangerous chemicals stolen from an unlocked location in a school by unsupervised student employees and dropped from a fourth-story window into some bushes, the facts on which the Court of Appeals affirmed a jury verdict of negligence in *Kush. Marcroft v Carvel Corp.* (120 AD2d 651, 652, *lv denied* 68 NY2d 609), relied on by the majority, is distinguishable on its facts because it involved injury to customers inside a store when a car entered the store.

I also disagree with the majority's statement that the moving defendants' omissions could not be a proximate cause of plaintiff's injury because codefendant's inability to control her vehicle caused the accident. It is basic that there can be more than one proximate cause of an injury (PJI 2:71).

While a jury might find that the moving defendants used due care in this case, I do not see how we can say so as a matter of law. (Appeal from order of Supreme Court, Erie County, Joslin, J.—summary judgment.) Present—Denman, J. P., Pine, Balio and Lawton, JJ.