■ RAYMOND RUPPEL et al., Respondents, v ENTENMANNS, INC., Appellant.—In an action to recover damages for personal injuries, etc., the defendant Entenmanns, Inc. appeals (1) from an order of the Supreme Court, Suffolk County (Underwood, J.), dated June 9, 1988, which denied its motion to set aside the verdict on the issue of damages only, and (2) as limited by its brief, from so much of a judgment of the same court, entered June 17, 1988, as, upon a jury verdict, *inter alia,* finding it 90% at fault for the happening of the accident, is in favor of the plaintiff Raymond Ruppel in the principal amount of $2,025,000.

Ordered that the appeal from the order dated June 9, 1988 is dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is reversed, on the facts and as an exercise of discretion, without costs or disbursements, and a new trial is granted on the issue of damages only, unless within 20 days after service upon the plaintiff Raymond Ruppel of a copy of this decision and order, with notice of entry, he shall serve and file in the office of the Clerk of the Supreme Court, Suffolk County, a written stipulation consenting to reduce the verdict as to damages to the principal sum of $1,250,000, and to reduce the damages payable by the defendant to $1,125,000, which represents its proportionate share of the damages to the plaintiff Raymond Ruppel and to the entry of an amended judgment accordingly; in the event the plaintiff Raymond Ruppel so stipulates, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248)*. The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

The plaintiff, Raymond Ruppel, a 47-year-old truck driver,

was injured in the defendant's depot when the tailgate of a truck owned by the defendant, which he was unloading, suddenly shot up, crushing his left hand and arm. The tailgate had malfunctioned on prior occasions, but had not shot up.

To substantiate his negligence cause of action, the injured plaintiff presented three expert witnesses, a microsurgeon, a physiatrist, and a neurosurgeon. The microsurgeon testified that two separate surgical procedures which he performed following the accident excluded a neuroma at the site of surgery performed in 1960 and an aberrant muscle in the forearm as the anatomical causes of the injured plaintiff's severe pain in his hand and forearm. It was his opinion that the accident was the competent producing cause of the injured plaintiff's present condition. The physiatrist performed numerous tests and diagnosed the injured plaintiff's condition as pronator teres syndrome. He also testified that the accident was the cause of the syndrome from which the injured plaintiff suffered. The neurosurgeon, who attempted unsuccessfully to arrest the injured plaintiff's intense pain with chemical nerve blocks, offered no opinion on causation.

We find, in light of the foregoing testimony, that the jury's resolution of the factual issues in the injured plaintiff's favor was based upon a fair interpretation of the evidence (see, Nicastro v Park, 113 AD2d 129). The jury could properly conclude that the risk of injury was a foreseeable consequence of the malfunctioning tailgate (see, Yannacci v New York City Tr. Auth., 129 AD2d 698) and that the accident was a substantial cause of the injury (see, Mortensen v Memorial Hosp., 105 AD2d 151, 157).

The defendant contends that the total award in favor of the injured plaintiff in the amount of $2.025 million was excessive. We agree that the total award was excessive to the extent indicated herein (see, Knight v Long Is. Coll. Hosp., 106 AD2d 371).

We have reviewed the defendant's other claims and find them to be lacking in merit. Mollen, P. J., Thompson, Lawrence and Kunzeman, JJ., concur.