SECOND DEPARTMENT, JANUARY, 1993

(January 11, 1993)

■ PETER ABAZIS et al., Appellants, v ELIZABETH PARKS et al., Defendants, and EXXON CORPORATION et al., Respondents.—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Kings County (Held, J.), dated September 25, 1990, which granted the separate motions of the defendants Exxon Corporation and Circle Service Station-2 Corp. for summary judgment dismissing the complaint insofar as it is asserted against each of them, and (2) a judgment of the same court, dated

November 19, 1990, which is in favor of Exxon Corporation and Circle Service Station-2 Corp. and against the plaintiffs.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed, and it is further,

Ordered that the respondents are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (see, CPLR 5501 [a] [1]).

On December 30, 1987, the plaintiff Peter Abazis was filling his car's tires with air at the Circle Service Station, when a vehicle operated by Isaac Parks went out of control, jumped a curb, mounted the sidewalk, and struck him, causing severe injuries.

The respondents on this appeal are Circle Service Station-2 Corp. (hereinafter Circle), the owner and operator of the service station where the accident occurred, and Exxon Corporation (hereinafter Exxon), the supplier of gasoline and the lessor of equipment to the service station.

The plaintiffs contend that Circle is liable because the location of the air pump placed the plaintiff Peter Abazis in an unreasonably dangerous position which caused his injury. The plaintiffs predicate Exxon's liability on its ownership of the compressor, which supplied air to the pump, and the pole to which the pump was attached. The Supreme Court granted the respondents' motions for summary judgment dismissing the complaint insofar as it is asserted against each of them. We affirm.

There was no duty owed to the plaintiff Peter Abazis by Exxon because Exxon did not occupy, own, control, or create a special use of the property (see, Balsam v Delma Eng'g Corp., 139 AD2d 292). Further, even if Exxon and Circle owed a duty to the plaintiff, the sole proximate cause of his injuries was the negligent operation of the vehicle driven by Parks and not the location of the air pump (see, Margolin v Friedman, 43 NY2d 982). Under the circumstances, the Supreme Court properly decided the question of proximate cause in the first instance rather than delegating that question to the jury. Balletta, J. P., Eiber, O'Brien and Santucci, JJ., concur.