■ Donald R. Franklin, Sr., et al., Respondents, v Timothy L. Porter et al., Defendants, and Ronald J. Cave et al., Individually and Doing Business as Cave's Variety Store, Appellants.—Order unanimously affirmed with costs. Memorandum: On May 1, 1988, plaintiff Donald R. Franklin, Sr., was standing next to one of two gasoline pumps located in front of Cave's Variety Store. The pumps were partially in the right of way at the intersection of County Roads 380 and 324 in the Town of Stockton. Defendant Porter drove into the intersection and struck a van driven by defendant Waite, which van in turn struck plaintiff Donald Franklin, Sr., a gas pump and the store. Plaintiffs commenced this action against defendants, alleging with respect to the Caves, individually and doing business as Cave's Variety Store, that he was their invitee and that they were negligent in permitting a danger-

ous instrumentality to exist on their premises without protective devices or warnings.

The court properly denied the Caves' motion for summary judgment. The Caves failed to meet their initial burden of proving entitlement to summary judgment because it cannot be said as a matter of law that the placement of the gas pumps did not create a foreseeable risk of harm to plaintiff, or that the placement of the pumps was not a proximate cause of the accident (see, Derdiarian v Felix Contr. Corp., 51 NY2d 308, 315, rearg denied 52 NY2d 784; cf., Tomassi v Town of Union, 46 NY2d 91; Kinne v State of New York, 8 AD2d 903, affd 8 NY2d 1068). (Appeal from Order of Supreme Court, Chautauqua County, Ricotta, J.—Summary Judgment.) Present—Denman, P. J., Pine, Balio, Fallon and Davis, JJ.