causes of action. In May or June 1992, plaintiff learned that defendants were sending letters to policy owners in which he was referenced as the agent. Plaintiff moved to amend his complaint to assert a seventh cause of action alleging violation of Civil Rights Law §§ 50 and 51. We conclude that Supreme Court should have granted the motion. Absent prejudice or surprise, leave to amend should be freely granted (CPLR 3025 [b]). We do not rule upon the merits or legal sufficiency of the proposed amendment *(Newton v Aqua Flo Co.,* 106 AD2d 919; *see, De Forte v Allstate Ins. Co.,* 66 AD2d 1028; *see also, Agway, Inc. v Williams,* 185 AD2d 636). (Appeal from Order of Supreme Court, Monroe County, Siracuse, J.— Amended Complaint.) Present—Callahan, J. P., Green, Lawton, Boehm and Doerr, JJ.

■ GORDON M. FIZETTE, Appellant, v JULIE L. (KELLY) KUHN et al., Respondents. (Appeal No. 1.)—Judgment unanimously reversed on the law without costs and new trial granted. Memorandum: Upon our review of the record, we conclude that the jury's determination that defendant Julie Kuhn was negligent is supported by the evidence. The jury's determination that defendant's negligence was not a proximate cause of the accident, however, is against the weight of the evidence. The evidence establishes that defendant Kuhn was operating her vehicle on an icy road in such a manner as to be unable to avoid hitting another vehicle stopped in the road as a result of a prior accident. Although the issue of proximate cause is generally for the fact finder to resolve *(Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 315, *rearg denied* 52 NY2d 784; *Taylor v Prostall, Inc.,* 174 AD2d 982, 983), upon our review of the record, we conclude that the preponderance of the evidence in favor of the plaintiff on the issue of proximate cause was so great that the jury could not have reached its determination upon any fair interpretation of the evidence. Thus, the trial court erred in denying plaintiff's motion to set aside the jury's verdict. (Appeal from Judgment of Supreme Court, Niagara County, Notaro, J.—Negligence.) Present—Callahan, J. P., Green, Lawton, Beohm and Doerr, JJ.

■ GORDON M. FIZETTE, Appellant, v JULIE L. (KELLY) KUHN et al., Respondents. (Appeal No. 2.)—Appeal unanimously dismissed without costs *(see,* CPLR 5501 [a] [2]). (Appeal from Order of Supreme Court, Niagara County, Notaro, J.—Set Aside Verdict.) Present—Callahan, J. P., Green, Lawton, Boehm and Doerr, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v