■■■ WENDY A. HENNIGAN et al., Appellants, v DANIEL JOHNSON, Respondent. [667 NYS2d 533] —Order unanimously affirmed without costs. Memorandum: This action seeks to recover damages for a broken leg sustained by Wendy A. Hennigan (plaintiff) during her attempt to kick her way out of a camper owned by defendant. Her husband's action is derivative. Plaintiffs appeal from an order granting defendant's motion for summary judgment dismissing the complaint in its entirety. Plaintiffs contend that defendant owed a duty to plaintiff; that defendant breached that duty; that the injury was foreseeable; that the injury was proximately caused by defendant's negligence; and that plaintiff's own conduct was not a supervening cause of plaintiff's injuries.

We conclude that defendant is entitled to judgment as a matter of law on the issues of duty and foreseeability. The question whether one party owes a duty of reasonable care to another is a question of law for the courts (see, Di Ponzio v Riordan, 89 NY2d 578, 583; De Angelis v Lutheran Med. Ctr., 58 NY2d 1053, 1055). "Duty is essentially a legal term by which we express our conclusion that there can be liability * * * It tells us whether the risk to which one person exposes another is within the protection of the law" (De Angelis v Lutheran Med.

*Ctr., supra,* at 1055). "Courts resolve legal duty questions by resort to common concepts of morality, logic and consideration of the social consequences of imposing the duty" (*Tenuto v Lederle Labs.,* 90 NY2d 606, 612).

We conclude that defendant had no duty to guard against the remote possibility that plaintiff would break her leg in attempting to kick her way out of the camper. The injuries sustained were unforeseeable and completely attenuated from the alleged negligence of defendant in failing to maintain his camper in good condition. As a matter of law, defendant cannot be held liable for this unforeseeable series of occurrences or for the unforeseeable injuries that resulted (*see, Di Ponzio v Riordan, supra; Danielenko v Kinney Rent A Car,* 57 NY2d 198, 204-205; *Martinez v Lazaroff,* 48 NY2d 819, 820; *Ventricelli v Kinney Sys. Rent A Car,* 45 NY2d 950, 952, *mot to amend remittitur granted* 46 NY2d 770). (Appeal from Order of Supreme Court, Erie County, Flaherty, J.—Summary Judgment.) Present—Denman, P. J., Green, Pine, Balio and Fallon, JJ.