■ MARK GUTCHESS, Respondent, v CHRIS TAROLLI et al., Appellants. [691 NYS2d 817] —Order unanimously affirmed

without costs. Memorandum: Supreme Court properly denied the motion of defendant Chris Tarolli and the cross motion of defendant Dennis Mangan for summary judgment dismissing the complaint. Plaintiff was injured when he rode his bicycle across a corner property owned by Tarolli; there was a two- to three-foot-high rope fence strung across the front yards of Tarolli and Mangan, the adjoining property owner, to keep cars from parking on the lawn. We disagree with defendants that plaintiff's act of riding a bicycle across the lawn is not reasonably foreseeable as a matter of law (*cf., Hennigan v Johnson*, 245 AD2d 1130). The circumstances surrounding the incident, namely, the time of day and plaintiff's consumption of alcohol, are relevant with respect to plaintiff's comparative negligence, but are not dispositive of the issue whether defendants maintained their property in a reasonably safe condition.

Tarolli further contends that the condition was readily observable and thus that there was no duty to warn. There are issues of fact, however, with respect to the lighting in the vicinity of the properties and Mangan's attempts to place ribbons on the rope fence to warn of its location. Finally, there is no merit to Tarolli's contention that the complaint is barred by General Obligations Law § 9-103. Defendants' front lawns are not "conducive and appropriate for the chosen type of recreation," that is, bicycling (*Bragg v Genesee County Agric. Socy.*, 84 NY2d 544, 551). (Appeals from Order of Supreme Court, Onondaga County, Elliott, J.—Summary Judgment.) Present—Denman, P. J., Green, Hayes, Scudder and Balio, JJ.