■ EDWARD SORRENTINO et al., Respondents, v COUNTY OF SUFFOLK et al., Appellants, et al., Defendant. [709 NYS2d 425] —In an action to recover damages for personal injuries, etc.,

the defendants County of Suffolk and Unique Statements in Wood appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated June 29, 1999, as denied that branch of their motion which was for summary judgment dismissing the first and fourth causes of action insofar as asserted against them.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion which was to dismiss the first and fourth causes of action insofar as asserted against the defendant County of Suffolk and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court properly denied that branch of the appellants' motion which was for summary judgment dismissing the first and fourth causes of action insofar as asserted against the appellant Unique Statements in Wood (hereinafter Unique). Contrary to the appellants' contentions, a triable issue of fact exists as to whether the accident was reasonably foreseeable (*see, Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 316; *Gutchess v Tarolli,* 262 AD2d 1008; *Franklin v Porter,* 190 AD2d 1036; *Ruppel v Entenmanns, Inc.,* 149 AD2d 679). Moreover, a triable issue of fact exists as to whether Unique either created or had actual knowledge of the allegedly dangerous condition which caused the injuries.

The Supreme Court, however, improperly denied that branch of the motion which was for summary judgment dismissing the first and fourth causes of action insofar as asserted against the appellant County of Suffolk (hereinafter the County). The County, owner of the property on which the plaintiff Edward Sorrentino was injured, neither created nor had actual or constructive notice of the allegedly dangerous condition (*see, Thomas v Phillips,* 246 AD2d 531; *Prisco v Long Is. Univ.,* 258 AD2d 451), and there is no basis to hold the County vicariously liable for Unique's alleged negligence.

The remaining contention raised by the plaintiffs is not properly before us on this appeal. Thompson, J. P., Friedmann, Florio and Smith, JJ., concur.