█ JOHN RAMSAMMY, Respondent, v CITY OF NEW YORK et al., Defendants, and BURNS INTERNATIONAL SECURITY SERVICES et al., Appellants. [628 NYS2d 693] —Order, Supreme Court, New York County (Walter Tolub, J.), entered March 14, 1994, which, inter alia, denied motions by defendants-appellants Burns International Security Services and Yeshiva University for summary judgment dismissing the complaint as to them, and granted plaintiff's cross motion for leave to serve an amended complaint, unanimously modified, on the law, to grant defendants-appellants' motions for summary judgment solely as to the third cause of action in the complaint, and otherwise affirmed, without costs or disbursements.

While in the crosswalk of the intersection of Amsterdam Avenue and 186th Street, the decedent was struck by a motor vehicle driven by defendant Almonte and owned by defendant Cuevas. The impact threw her against the rear of defendant Acolyte's truck, which allegedly had been illegally double parked extending into the crosswalk. As a result of the impact, decedent lost both her legs and suffered other severe injuries.

The initial complaint sets out five causes of action. The first

is against the City of New York for negligence in the planning, designing and altering of the roadway where the accident took place; the second against Acolyte for negligence in illegally double parking its truck partially in the crosswalk; the third against Yeshiva University and Burns on the theory of agency, alleging that a security guard woke Almonte, who was sleeping in the car in an intoxicated condition, a block from the accident and directed him to drive away although the guard knew Almonte was intoxicated and incapable of operating a motor vehicle; and the fourth and fifth against defendants Almonte and Cuevas, respectively, for negligence. In a proposed amended complaint, plaintiff further alleged in the first cause of action that Yeshiva University, as well as the City of New York, was negligent in failing to properly design, construct and maintain the reconstructed sidewalk and roadway located on Amsterdam Avenue between 184th and 186th Streets, known as the Pedestrian Mall, where Almonte's car had been illegally parked. This area had been converted into a "limited use" street and was closed to traffic at the time Almonte parked there.

For plaintiff to prevail on the third cause of action for common-law negligence, he must first show a legal duty owed by appellants to the decedent. A defendant generally has no duty to control the conduct of third persons so as to prevent them from harming others, even where as a practical matter the defendant can exercise such control (*D'Amico v Christie*, 71 NY2d 76, 88). In *Henry v Vann* (71 NY2d 76 [decided *sub nom. D'Amico v Christie*]), the plaintiffs' decedents died as a result of a head-on collision with an automobile driven by an intoxicated employee shortly after his employer fired him and ordered him off the work site in that condition. The Court of Appeals found that the employer owed no duty to the users of the public highway, since the intoxicated employee was acting outside the scope of the employment relationship at the time of the accident, and did not assume a duty of supervision or control when it directed the intoxicated employee to leave the premises. The Court noted that in a Texas case, *Otis Eng'g Corp. v Clark* (668 SW2d 307, 311), "*which as yet has no parallel in New York law*, the employer virtually placed its employee behind the wheel when it accompanied him to the parking lot and sought his assurance that he could make it home. Plaintiffs have not shown any conduct of Vann's [the employee-driver] that, in the circumstances, defendant here might reasonably have controlled" (*supra*, at 89 [emphasis added]).

In the case at bar there was *no* relationship between Al-

monte and appellants, let alone one that "may give rise to this duty" to a third party such as plaintiff's decedent (*supra*, at 88), and there was certainly no relationship between plaintiff's decedent and appellants. This includes the duty of a landowner to a third party since both decedent and Almonte were on City-owned streets.

While plaintiff asserts in the third cause of action a duty of supervision and control by Yeshiva and Burns over the actions of Almonte when he was directed to leave, "at the minimum such a duty requires an existing relationship between the defendant and the third person over whom 'charge' is asserted" (*supra*, at 89). There was no such relationship between the Burns security guard and Almonte. The security guard had no authority or power to detain, stop or arrest Almonte. Even where as a practical matter defendant could have exercised such control, the Court of Appeals has held liability for injuries to third persons will generally arise only "when the defendant has authority to control the actions of such third persons" (*Purdy v Public Adm'r of County of Westchester*, 72 NY2d 1, 8; *D'Amico v Christie, supra*). Neither defendant Burns nor defendant Yeshiva had the "authority" to control the actions of Almonte. Consequently, the IAS Court erred in denying Burns and Yeshiva summary judgment as to the third cause of action.

However, the IAS Court did not err in denying defendant Yeshiva's cross motion for summary judgment with respect to the first cause of action in the proposed amended complaint alleging that its failure to properly design, construct and maintain the Pedestrian Mall was the proximate cause of the decedent's injuries.

While, as noted above, Yeshiva did not owe a duty to the decedent to prevent Almonte's car from colliding with the truck and injuring her on a City street, it did decide to create a Mall to enhance the environmental and social value of the area for the entire community, as indicated in its proposal for the Mall, and thus, owed a duty to the community surrounding Yeshiva, as well as its own students and faculty, to design and create a Mall that was safe. Further, while Yeshiva introduced the testimony of an expert and various City officials to demonstrate that the Pedestrian Mall was safe, plaintiff furnished the testimony of an expert who reached the opposite conclusion, after performing on-site inspections of the Mall and the surrounding area. "To grant summary judgment it must clearly appear that no material and triable issue of fact is presented (*Di Menna & Sons* v. *City of New York*, 301 N. Y. 118).

This drastic remedy should not be granted where there is any doubt as to the existence of such issues *(Braun* v. *Carey,* 280 App. Div. 1019), or where the appeal is 'arguable' *(Barrett* v. *Jacobs,* 255 N. Y. 520, 522); 'issue-finding, rather than issue-determination, is the key to the procedure' *(Esteve* v. *Abad,* 271 App. Div. 725, 727)." *(Sillman* v *Twentieth Century-Fox Film Corp.,* 3 NY2d 395, 404.)

Since there was a material and triable issue of fact presented, the IAS Court properly denied summary judgment as to this cause of action. Concur—Rubin, J. P., Kupferman, Asch and Tom, JJ.