OPINION OF THE COURT
Raymond E. Cornelius, J.
The defendant, Colleges of the Seneca, doing business as Ho *57 bart and William Smith College, has made a motion for summary judgment, pursuant to CPLR 3212, for dismissal of the complaint, which alleges a cause of action for negligence against this educational institution. Colleges of the Seneca is located in the City of Geneva, and like many college campuses, encompasses public streets owned and maintained by a municipality. This includes Route 14, also known as South Main Street, which is a major north-south artery with significant vehicular traffic. Student residences and other campus buildings are located on the east side of South Main Street, and students are frequently required to cross this thoroughfare in order to attend classes or other functions on the opposite side.
On October 29, 1992, the plaintiff, Nkemjika Obiechina, was a duly registered student of William Smith College, and resided at 577 South Main Street, in a residence hall, owned by Colleges of the Seneca. At approximately 6:00 p.m. on that date, she left her residence with the intention of attending classes, and crossed South Main Street at a driveway located near a building known as the Alumni House. As she crossed the street, Ms. Obiechina observed an automobile attempting to parallel park in front of her, and as she stepped backwards, was struck by a vehicle operated by the codefendant, Thomas C. Alessio. At the time of the accident, there were no marked crosswalks located on South Main Street within the campus area.[1] The complaint alleges negligence on the part of Colleges of the Seneca for failing to install, as well as failure to request the City of Geneva to install, appropriate pedestrian crosswalks.
In opposition to the motion for summary judgment, the plaintiff submitted an affidavit of a licensed engineer, who has both undergraduate and graduate degrees in civil engineering from Rensselaer Polytechnic Institute, and who has undergone additional studies at Yale University and George Washington University, in the areas of traffic engineering and safety. At the present time, this expert is president of his own consulting business, which provides planning and design for various transportation and traffic engineering projects. After conducting a study of pedestrian movements, this witness formed the *58 opinion that good and accepted pedestrian planning and design would have required the installation of at least three crosswalks in the campus area of South Main Street, and that pedestrian crossing warnings should also have been installed on the north and southbound approaches for this street.
The opinion of plaintiffs expert, of course, assumes an obligation or duty on the part of Colleges of the Seneca to install the crosswalks and/or warnings for approaching traffic. However, liability of any party, based upon alleged tortious conduct, depends upon an existence of a duty of care, owed by the defendant to the injured party. The question of whether or not a duty of care is owed by one member of society to another is a question of law to be decided, in the first instance, by the court. (Purdy v Public Adm’r of County of Westchester, 72 NY2d 1 [1988]; Eiseman v State of New York, 70 NY2d 175 [1987]; Pulka v Edelman, 40 NY2d 781 [1976].) If a determination is made of a duty of care, as a matter of law, a question of fact then arises as to whether a particular defendant owed a duty to a particular plaintiff. (Kimmell v Schaefer, 89 NY2d 257.) Thus, the issue initially presented, in this case, is whether or not an owner or occupier of property, adjacent to a public street or road, owes a duty of care to users of the property while crossing such thoroughfare. More specifically, does an educational institution, such as a college or university, owe a duty of care to students while crossing public streets located within the campus area?
As earlier noted, the street where plaintiff was injured, as a result of being struck by a motor vehicle, was owned and maintained by the codefendant, the City of Geneva. Therefore, plaintiff, in effect, is claiming liability on the part of Colleges of the Seneca for the negligent conduct of other parties. As a general rule, under such circumstances, there is no duty of care, absent some special relationship, owed to a claimant unless the named defendant had the actual authority to control or supervise the conduct of the third party. (Purdy v Public Adm’r of County of Westchester, supra; Gibbons v County Legislature, 161 AD2d 1196 [4th Dept 1990].) Thus, in a case somewhat analogous to the facts in the pending matter, involving students injured while crossing a public street in the City of Albany in order to attend college the complaint against the County of Albany was dismissed because it did not own or control the public street and had no authority to mark the pavement or install traffic control devices. (See, Connolly v Rogers, 195 AD2d 649 [3d Dept 1993].)
*59 Counsel for the plaintiff places much reliance upon the decision in Ramsammy v City of New York (216 AD2d 234 [1st Dept 1995]). The Court, in that case, determined that a question of fact precluded an award of summary judgment to Yeshiva University, but solely on the cause of action, contained in the complaint, alleging an improper design, construction and maintenance of a pedestrian mall. The university, in fact, had created the mall, which was claimed to be a cause of the accident and the ultimate injuries sustained by the plaintiff. Conversely, in the pending case, Colleges of the Seneca did not create the street nor exercise any control over its design and maintenance.
Plaintiff also relies upon the deposition testimony of the City Engineer for the City of Geneva, as well as the Colleges’ Director of Security. This evidence discloses that, subsequent to the accident, Colleges of the Seneca installed pedestrian walkways to and including curbs on either side of South Main Street, without first obtaining a permit, and then requested the City of Geneva to apply white paint between the walkways. Although this work is acknowledged to have been postaccident, plaintiff contends that it establishes feasibility, i.e., that Colleges of the Seneca had the ability, if it wished, to install pedestrian crossings at appropriate locations across the street. Also, testimony of the City Engineer disclosed that Colleges of the Seneca had asked permission to paint crosswalks on other streets, running through the campus, during 1992. Nevertheless, it should be emphasized that the issue, for purposes of determining whether or not a duty of care was owed to the plaintiff, depends not upon whether or not this defendant could have exercised authority or supervision over the street, but rather, the actual authority to do so. (Purdy v Public Adm’r of County of Westchester, 72 NY2d 1, supra.)
Although there does not appear to be any authority in the State of New York, other jurisdictions have declined to recognize a duty of care, owed by owners or occupiers to users of their property for injuries suffered while crossing public thoroughfares, adjacent to such property. These include the user of a park, injured while crossing a State highway, which bisected the park property (Davis v Westwood Group, 420 Mass 739, 652 NE2d 567 [1995]); a claimant crossing a public street to a parking lot owned by the defendant (Ferreira v Strack, 636 A2d 682 [RI 1994]); a patron of a speedway, who crossed an intersection to purchase tickets (Chouinard v N. H. Speedway, 829 F Supp 495 [1993]); a patron of a restaurant injured while *60 crossing public thoroughfare between the restaurant and a parking lot (Swett v Village of Algonquin, 169 Ill App 3d 78, 523 NE2d 594 [1988], cert denied 122 Ill 2d 595, 530 NE2d 265 [1988]); and a customer struck while crossing the street between a store and a parking lot (Laumann v Plakakis, 84 NC App 131, 351 SE2d 765 [1987]). In Mulraney v Auletto’s Catering (293 NJ Super 315, 680 A2d 793 [1996]), the court, citing other precedent in that State, did indicate that a business proprietor’s duty of care may extend beyond protecting customers from dangerous physical conditions on their property to providing reasonably safe passage across an adjacent highway. However, a careful analysis of this decision again discloses that the duty of care only extends to matters over which the landowner has some control, and not, for example, to "the system of vehicular and pedestrian control established by the responsible governmental agency.” (Mulraney v Auletto’s Catering, supra, 293 NJ Super, at 322-323, 680 A2d, at 797.)
Counsel for the plaintiff points out that plaintiff was a member of the college community, paid her tuition, lived in a residence hall owned by "the Colleges”, and was required to cross a busy public street in order to attend classes and other functions. In essence, counsel seems to be arguing the existence of a special relationship between the parties, which would constitute an exception to the general rule against imposition of a duty of care notwithstanding lack of control over the active tortfeasor. (See, Purdy v Public Adm’r of County of Westchester, supra; Pulka v Edelman, supra.)[2] Although the above-cited decisions from other jurisdictions involve customers or patrons of businesses, who are injured on public streets adjacent to the owner’s property, they nevertheless had some relationship with and actually were users of such property. Similarly, in this case, the plaintiff, as a student, had a relationship with Colleges of the Seneca, and was a user of the latter’s property, which was bisected by South Main Street, but over which this defendant exercised no control or supervision. This court holds that, absent proof of an assumption of a duty by the school to provide safe passage, across the adjacent highway, together with reliance thereon, the mere fact that the injured party was a student does not create the kind of special relationship necessary to impose liability upon the *61 school for negligent acts of third parties. Accordingly, it is hereby ordered that the motion for summary judgment is granted and the complaint, insofar as it alleges a cause of action against Colleges of the Seneca, doing business as Hobart and William Smith College, is hereby dismissed.

. The definition of a crosswalk, as contained in Vehicle and Traffic Law § 110, includes not only marked crossings, but also the connection of lateral lines of sidewalks at intersections. Thus, counsel maintains that there was a "T” intersection on South Main Street where plaintiff could have legally crossed the street, citing Kochloffel v Giordano (99 AD2d 798 [2d Dept 1984]) and Fan v Buzzitta (42 AD2d 40 [2d Dept 1973]).

. The example most commonly cited of a special relationship between a claimant and defendant, in regard to negligent acts of third parties, involves common carriers, but even such relationship may no longer be sufficient to impose liability. (See, Adams v New York City Tr. Auth., 88 NY2d 116 [1996].)