OPINION OF THE COURT
Kenneth R. Fisher, J.
Defendant, Profetta Funeral Chapel, Inc., moves to dismiss plaintiffs’ complaint seeking to hold it liable in negligence for injuries plaintiff sustained on the abutting public highway from a passing motorist as she was crossing the highway to attend a funeral. According to the complaint, plaintiffs drove to Profetta’s located on Empire Boulevard to attend a funeral where the parking lot was full. An employee of Profetta instructed plaintiffs to park across the street in another park *340 ing lot which was not owned or operated by Profetta. After parking their vehicle, they crossed the public street to attend the funeral. As they crossed Empire Boulevard, an automobile driven by defendant, Joyce Knightly, struck plaintiffs Bruno Santoleri and Gabriella Santoleri, causing personal injuries to both. Plaintiff, Giorgio Santoleri, the husband of Gabriella, seeks to recover for loss of consortium.
The funeral home moves to dismiss the complaint pursuant to CPLR 3211 (a) (7), and contends that it owed no duty to plaintiffs for off-premises injuries inflicted on the public highway. In support of its application, defendant cites Obiechina v Colleges of the Seneca (171 Misc 2d 56 [Sup Ct, Ontario County 1996]) for the proposition that no legal duty is owed by property owners to individuals who are struck while crossing a street abutting defendant’s property. Other than Obiechina, there does not appear to be a case in New York addressing this situation. (See, 4C Warren’s New York Negligence, § 88.01 [4], at 85-86 [3d ed 1991] [setting forth only the position of the Restatement (Second) of Torts § 349, that " '(a) possessor of land over which there is a public highway * * * is not subject to liability for physical harm caused to travelers upon the highway or persons lawfully using the way by his failure to exercise reasonable care (a) to maintain the highway or way in safe condition for their use, or (b) to warn them of dangerous conditions in the way which, although not created by him, are known to him and which they neither know nor are likely to discover’ ”].)
In Obiechina (supra), the plaintiff was a student at defendant’s college in Geneva. A municipal highway ran through the center of campus. Defendant owned property on both sides of the highway. While crossing the street to attend classes, plaintiff was struck by an automobile causing personal injuries. Plaintiff sued the college claiming that the college had a duty to plaintiff "to install * * * [or] to request the City of Geneva to install, appropriate pedestrian crosswalks.” (Obiechina v Colleges of the Seneca, 171 Misc 2d, at 57.) Relying upon cases in other jurisdictions which "have declined to recognize a duty of care, owed by owners or occupiers to users of their property for injuries suffered while crossing public thoroughfares, adjacent to such property” (supra, 171 Misc 2d, at 59 [collecting cases at 59-60]), the court dismissed the claim, but limited its holding to the claim stated by observing that the landowner’s duty of care did not extend "to 'the system of vehicular and pedestrian control established by the responsible govern *341 mental agency.’ ” (Supra, 171 Misc 2d, at 60, quoting Mulraney v Auletto’s Catering, 293 NJ Super 315, 322-323, 680 A2d 793, 797 [App Div 1996].) In this case, however, plaintiff does not seek to impose liability on the funeral home for a failure by it to request the government to install a system of traffic and pedestrian control which would accommodate its well-attended funerals or other functions. Instead, plaintiff asserts that he was specifically instructed to use the parking lot across the roadway, and that the funeral home failed to exercise care by itself ensuring safe passageway onto its premises. Obiechina allowed that a duty might exist in such a situation. (Obiechina v Colleges of the Seneca, 171 Misc 2d, at 60, citing Mulraney v Auletto’s Catering.)
"Liability for negligence may result only from the breach of a duty running between a tortfeasor and the injured party.” (Kimmell v Schaeffer, 89 NY2d 257, 263 [1996].) "Although the existence of a duty is an issue of law for the courts [citation omitted], once the nature of the duty has been determined as a matter of law, whether a particular defendant owes a duty to a particular plaintiff is a question of fact.” (Supra, 89 NY2d, at 263.) This case appears to be similar to the New Jersey case sought to be distinguished in Obiechina (171 Misc 2d, at 170, supra, discussing Mulraney v Auletto’s Catering, supra). In Mulraney, the court clearly embraced a duty owed by an establishment to undertake "measures to protect its customers from a transient dangerous condition created by Auletto’s own business operation, specifically, the conduct of a large function which it knew or should have known would involve some patrons parking on the opposite side of a poorly illuminated county highway that had no crossing for pedestrians.” (Mulraney v Auletto’s Catering, 293 NJ Super, at 323, 680 A2d, at 797.) The court found section 349 of the Restatement (Second) of Torts inapposite because the claim was "not based upon an alleged unsafe condition of the highway but rather upon a transient dangerous condition resulting from Auletto’s conduct of a special function at its premises.” (Supra, 293 NJ Super, at 323, 680 A2d, at 797 [adding that the plaintiff’s decedent in that case was not the traveler or lawful user of the highway contemplated by section 349, "but rather (was) Auletto’s business invitee”].) Mulraney has subsequently been endorsed by New Jersey’s highest court. (Kuzmicz v Ivy Hill Park Apts., 147 NJ 510, 518-519, 688 A2d 1018, 1022 [1977].)
Because plaintiff’s cause of action against the funeral home resembles the claim upheld in Mulraney (supra), and is distin *342 guishable from the claim rejected in Obiechina (supra), it might appear at first glance that the funeral home’s motion should be denied in this case. But a closer examination of the New Jersey court’s basis for its holding against the backdrop of New York’s law of premises liability reveals why the funeral home is entitled to dismissal at the pleading stage. The New Jersey courts based their decision imposing a limited duty on commercial landowners to prevent off-premises injuries on a common-law view of "the relationship between a business enterprise and persons invited to its premises to further commercial interests [a]s traditionally requiring] the exercise of 'a higher degree of care’ than is owed to other persons.” (Mulraney v Auletto’s Catering, 293 NJ Super, at 321, 680 A2d, at 796, quoting Hopkins v Fox & Lazo Realtors, 132 NJ 426, 433, 625 A2d 1110, 1113 [1993].) The court found "that it is fair and just to impose a duty of care upon a business enterprise * * * to provide safe passage for customers it knows or has reason to know may park on the opposite side of an adjoining highway, at least where a dangerous condition arises only on those isolated occasions when the business conducts special functions that attract an unusually large number of attendees.” (Supra, 132 NJ Super, at 322, 680 A2d, at 796.) This reasoning makes clear that New Jersey still classifies a landowner’s liability according to the familiar common-law categories of trespassers, licensees, and invitees (business or otherwise). (See generally, Prosser and Keeton, Torts §§ 58-61 [5th ed 1984].)
For better or worse, however (see, id., § 62, at 433-434), New York does not follow the common-law tradition in regard to premises liability, and has abandoned the distinctions drawn between the various categories and subcategories of plaintiffs injured on land. (Basso v Miller, 40 NY2d 233 [1976].) In particular, the New York Court of Appeals recently reiterated that, "[s]ince this Court decided Basso v Miller [citations omitted], landowners have been absolved of the heightened duties of care that they previously owed their business invitees and guests.” (Adams v New York City Tr. Auth., 88 NY2d 116, 122 [1996].) "Basso’s holding undermines the basic notion that owners of particular businesses should be held to special or different duties of care that are determined solely by their relationship to or the status of the injured party.” (Supra, 88 NY2d, at 122; see also, Di Ponzio v Riordan, 224 AD2d 139, 141-142 [4th Dept 1996], affd 89 NY2d 578 [1997].) As the Mulraney rationale, later endorsed in Kuzmicz (147 NJ, at 518-519, 688 A2d, at 1022, supra), is precisely that "basic notion” rejected in *343 Basso and Adams, the funeral home owed no duty to plaintiffs to exercise due care preventing off-premises injuries on an adjacent highway it did not own or control.
CONCLUSION
Accordingly, the complaint as against the Profetta Funeral Chapel, Inc., is dismissed with prejudice.