■ Evelyn Castillo, Respondent-Appellant, v Kittatinny Canoes Corp. et al., Appellants-Respondents. [811 NYS2d 27]—

Order, Supreme Court, New York County (Carol Edmead, J.), entered August 11, 2005, which denied defendants' motion for summary judgment dismissing the complaint and plaintiff's cross motion to amend her bill of particulars, unanimously affirmed, without costs.

Under a license from the National Park Service, defendants operate a business that provides daily rafting trips to hundreds of customers on the Delaware River. One such customer, plaintiff, was about 10 minutes into her rafting trip when she was struck in the face by a water balloon propelled from a large slingshot by one of three men on another raft. For present purposes, defendants accept that the three men, while still on shore during sign-up and other preparations for the trip, were rowdy, aggressive and intoxicated, drinking beer from an amply stocked cooler that they put onto their raft, and brandishing their giant slingshot, which they used to shoot several water balloons into the water, and that defendants' employees were aware of this conduct. Nevertheless, defendants argue, no matter how obvious the danger posed by this on-shore disorderly conduct, they cannot be held liable to plaintiff because they owed her no duty of protection, at least after she and the men boarded the rafts and were on the river, a public waterway under the control of the United States Department of the Interior.

This argument of lack of control while on the river fails to address defendants' duty to prevent disorderly customers from boarding a raft in the first place. Indeed, defendants' promotional literature states that their employees are authorized not to allow persons appearing to be intoxicated on the rafts, and that customers would not be allowed to launch with more than three cans of beer. It thus appears that defendants considered themselves well situated to protect their customers from the risk of disorderly conduct posed by other customers (*see Matter of New York Asbestos Litig.*, 5 NY3d 486, 494 [2005]). This "realistic" ability to take preventive measures (*see Hamilton v*

*Beretta U.S.A. Corp.*, 96 NY2d 222, 234 [2001]) against disorderly customers while on shore would render defendants liable for foreseeable injuries caused by such disorderliness on the river even if defendants lacked authority to monitor and remove customers once on the river (*compare Heavlin v Gush*, 197 AD2d 773, 774 [1993], citing, inter alia, *D'Amico v Christie*, 71 NY2d 76, 85 [1987], *with Ramsammy v City of New York*, 216 AD2d 234, 236 [1995], *lv dismissed in part and denied in part* 87 NY2d 894 [1995]). It further appears, for present purposes, that defendants' employees have the discretion to send out patrols and remove unruly customers from the river. The circumstances are such as to allow a finding that the portion of the river traversed by the customers, while on defendants' rafts going from one of defendants' shoreline bases to another, are an extension of defendants' business premises. Such specific duty to protect customers against other customers exhibiting dangerously disorderly behavior while on shore cannot be expected to result in an unreasonable proliferation of claims against defendants.

Plaintiff's motion to amend her bill of particulars so as to include claims under Navigation Law § 48 and 36 CFR 3.6 was properly denied on the ground that plaintiff's injury did not arise out of the use or operation of the raft, "qua" raft (*see Empire Ins. Co. v Schliessman*, 306 AD2d 512, 513 [2003]). The inherent nature of a raft is to serve as a means of water transportation, not a "launching pad" for a slingshot to project water balloons (*see Levitt v Peluso*, 168 Misc 2d 239, 244 [1995]; *compare Argentina v Emery World Wide Delivery Corp.*, 93 NY2d 554 [1999]). There is no claim that the raft itself was operated negligently or that its condition in any way contributed to plaintiff's injuries. Concur—Tom, J.P., Friedman, Nardelli, Williams and Sweeny, JJ.