■ EVA M. COHAN et al., Respondents, v RALPH MILANO et al., Appellants.—Judgment, Supreme Court, Bronx County, entered October 24, 1979, which, upon a jury's verdict, awarded plaintiff Cohan damages in the sum of $150,000 and plaintiff Leath damages in the sum of $25,000, unanimously reversed, on the law; the complaint is dismissed as against defendant Anthony Aurrichio, Inc., and the matter is remanded for a new trial as against the individual defendants Milano and Aurrichio, without costs and disbursements as to the corporate defendant, and with costs and disbursements to abide the event respecting the remaining parties. Plaintiffs John Leath and Eva Cohan, both adults, were injured on February 20, 1977 while sleigh riding down a path which led to a driveway at 510 Midland Avenue. The driveway in turn led to a parking lot. Plaintiffs were injured in the driveway when a car owned by defendant Anthony Aurrichio and driven by defendant Ralph Milano collided with their sled as the car was proceeding up the driveway from Midland Avenue. It was snowing at the time. The path extended from an adjoining owner's property onto property owned by defendant Anthony Aurrichio, Inc., which also owned the driveway. Plaintiff Leath admitted that he was familiar with the path and knew that it led to an active driveway. While plaintiff Cohan may

not have been familiar with the path, she admitted that she did not look down the path. There was evidence at trial that anyone standing at the top of the path where the sleigh riders would start, could see that the path led to a driveway. Patently, the jury's verdict finding no negligence on the part of the plaintiffs is against the weight of the credible evidence under these circumstances. Further, the jury was confused on the issue of apportionment of liability. This is aptly illustrated by the fact that the verdict was inconsistent in that plaintiff Leath was awarded $25,000 in a 3 to 2 ratio against the property owner ($15,000 against Anthony Aurrichio, Inc.) and against the driver and owner of the vehicle ($10,000 against Milano and Aurrichio), whereas, plaintiff Cohan was awarded damages at a 2 to 1 ratio against the property owner ($100,000 against Anthony Aurrichio, Inc.) and against the driver and owner of the vehicle ($50,000 against Milano and Aurrichio). The incongruity of the jury verdict arises from the fact that the actions or nonactions of the driver and the property owner did not vary at all with respect to the different plaintiffs. It was also error for the court to charge the doctrine of last clear chance. Assuming that this doctrine has survived the adoption of the comparative negligence rule in New York (cf. *Dominguez v Manhattan & Bronx Surface Tr. Operating Auth.*, 46 NY2d 528, 533), there was no basis for the application of said doctrine to the facts of this case. This doctrine requires that there be an interval of time after plaintiff's negligence has ceased and during which the plaintiff is unable to prevent the accident while defendant's negligence continued and defendant could have avoided the accident *(Poli v Castleberry,* 44 AD2d 591). Regarding the defendant corporate property owner, the record demonstrates that plaintiffs failed to make out a prima facie case on the issue of liability, and that said defendant is entitled to dismissal of the complaint as against it. The record demonstrates that the property owner was informed once or twice that children were observed sleighing down the path. Assuming some duty was owed to plaintiffs, who were not children but adults, by the property owner to prevent them from sliding down the path on a sleigh, the failure to observe that duty was not a proximate cause of the accident. The property and its condition were the location and the occasion of the accident, not its cause. It may fairly be said that the movements of the sleigh and the car "operate upon but do not flow from the original negligence", if any, of the property owner *(Derdiarian v Felix Contr. Corp.,* 51 NY2d 308; cf. *Ventricelli v Kinney System Rent A Car,* 45 NY2d 950). In any event, we have grave doubt that the property owner had a duty under the circumstances herein to prevent people from sliding down the path on sleighs on a snowy day, into the driveway, and we have not been informed of any precaution that the property owner could and should *reasonably* have taken to prevent such escapades. Concur—Murphy, P. J., Birns, Sullivan, Lupiano and Silverman, JJ.