(March 20, 1984)

■ JAMES C. BENJAMIN, an Infant, by His Mother and Natural Guardian, DOROTHY BENJAMIN, et al., Respondents-Appellants, and ROBERT WIGGINS, Respondent, v CITY OF NEW YORK, Appellant-Respondent. — Judgment, Supreme Court, Bronx County (Robert J. Stolarik, J.), entered on July 28, 1982, after a jury verdict, which awarded judgment in favor of plaintiffs James Corey Benjamin in the sum of $100,000, Kevin Wiggins in the sum of $500,000, Dorothy Benjamin in the sum of $26,796.41, June Wiggins in the sum of $88,161.48, denied the motion of plaintiffs James Corey Benjamin and Kevin Wiggins to set aside the verdict on the ground of inadequacy but granted Robert Wiggins' motion to set aside the verdict on the ground of inconsistency, severed the cause of action of Robert Wiggins, and ordered a new trial solely on the issue of damages is unanimously reversed, on the law, without costs, and the complaint dismissed. Cross appeal of the plaintiffs, James Corey Benjamin and Kevin Wiggins, is dismissed as moot. ¶ Plaintiffs seek to recover damages for personal injuries sustained by the infant plaintiffs, James, Kevin and Robert who at the time of the accident were ages 9, 6 and 13 respectively, while

playing with other children on an unimproved vacant city-owned lot, between 1056 and 1064 Caldwell Avenue, in The Bronx, at approximately 3:30 P.M., on June 17, 1974. The lot had been occupied by two abandoned buildings that were demolished in or about 1969/1970. The easterly side of the lot was unenclosed and fronted on Caldwell Avenue. ¶ Buildings enclosed the lot on two sides and a partially bent chain link fence enclosed the rear and part of one side. Some two or three years prior to the incident, the lot had been cleared by local civic association members with the assistance of Model Cities workers and equipment provided by the Sanitation Department. The Department of Sanitation also would haul garbage from the lot whenever requested by the area citizens. Attempts were made by the area citizens, with the help of city agencies, to keep the lot clean for use as a play area for children and for certain community activities. A sign was posted on a tree near the lot proclaiming the lot to be "the Future Home of a Park for the Community Children. Keep it clean — Curb Dogs". Nonetheless, it appears that occasionally garbage was dumped on the lot and alongside the adjoining buildings. ¶ On the afternoon of the accident, while Robert and other children, including Kevin, were playing softball with James and others watching, as the game progressed, 14-year-old Fred Bailey took a can of inflammable substance, believed to have been lacquer or paint thinner from a van parked behind one of the adjoining buildings and brought it onto the lot. Another youngster, whose identity was not clearly established, poured the contents of the can into a pipe protruding from the ground and ignited it. As he continued to pour more of the liquid into the pipe, the flame grew higher and James and Kevin, as well as other children, drew near to watch. Just as Robert was approaching to tell the youth not to pour the liquid, there was an explosion which sprayed the burning liquid over the infant plaintiffs, causing them to be severely burned. The jury returned verdicts in their favor and in favor of their parents for medical expenses, in the amounts indicated. ¶ On appeal, defendant argues that the judgment in favor of plaintiffs was against the weight of the evidence; that the evidence demonstrated that it exercised reasonable care in the maintenance of its property and was not negligent; and that if it were found to be negligent, such negligence did not cause plaintiffs' injuries. Plaintiffs Benjamin and Kevin Wiggins cross-appeal, contending that the awards for their injuries were inadequate. ¶ Viewing the evidence in the light most favorable to the plaintiffs (*Matter of Kornblum Metals Co. v Intsel Corp.,* 38 NY2d 376, 379; *Nicholson v Board of Educ.,* 36 NY2d 798, 801), we find that it fails to establish the essential elements of negligence. In order to warrant a submission to the jury, the plaintiff's evidence must demonstrate (1) the existence of a duty owed by defendants to the plaintiff, (2) a breach of such duty, and (3) injury to plaintiff proximately resulting therefrom. (*Akins v Glens Falls City School Dist.,* 53 NY2d 325, 333, citing Prosser, Torts [4th ed], § 30, p 143.) The applicable duty imposed upon the city is to use "reasonable care under the circumstances". (*Basso v Miller,* 40 NY2d 233, 241; *Scurti v City of New York,* 40 NY2d 433.) Thus, the city was required to act as a reasonable person in maintaining this lot " 'in a reasonably safe condition [taking into account all of the relevant] circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk' ". (*Basso v Miller, supra,* at p 241, citing *Smith v Arbaugh's Rest.,* 469 F2d 97, 100; *Akins v Glens Falls City School Dist., supra,* at p 334; *Kush v City of Buffalo,* 59 NY2d 26, 29-30.) ¶ While it may have been foreseeable that these plaintiffs may have come onto the vacant lot for various recreational activities that fact, without more, imposed no duty on defendant. The lot was not inherently dangerous, nor was there sufficient proof of the existence of a dangerous condition thereon, known to defendant, such as would impose a duty of care.

Not only was the testimony by plaintiffs' interested witnesses concerning previous fires on this lot contradicted, there was no proof that the defendant was made aware of the occurrence of these fires, if indeed they did occur. Moreover, there was no evidence of previous injuries resulting from fires, or otherwise, on this lot such as would impose upon defendant a duty to safeguard against unsafe or dangerous conditions. ¶ Plaintiffs' reliance on *Caldwell v Village of Is. Park* (304 NY 268) and *Nicholson v Board of Educ.* (36 NY2d 798) is misplaced. In both of those cases, defendants had actual knowledge of criminal and patently dangerous activities (the explosion of fireworks and firecrackers) taking place on its public beach and schoolyard premises and failed to take preventive measures to maintain the facilities in a reasonably safe condition, while continuing to invite the public to use the areas. No such parallel exists here. ¶ Even if the evidence established the existence of a duty owed to these plaintiffs in respect to maintenance of this lot by the city, the plaintiffs' injuries were not the result of a breach of that duty. Put differently, such breach was not a "proximate cause" of the injury. In order that liability flow from the breach, the defendant's act or omission must have been "a substantial cause of the events which produced the injury". (*Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 315.) Here, the intervening acts, not reasonably foreseeable, by the unidentified youth, the asportation of the flammable substance to the lot and the igniting thereof, were the proximate cause of the injury. The city-owned lot and its condition were merely "the location and the occasion of the accident, not its cause" (*Cohan v Milano,* 79 AD2d 579, 580, affd 55 NY2d 926). While the activities that resulted in injury to plaintiffs occurred upon defendant's premises those injuries did not flow from any negligence of defendant. (*Cohan v Milano, supra*). Thus, defendant's liability was not established as a matter of law. Concur — Murphy, P. J., Kupferman, Sandler, Ross and Alexander, JJ.