■ MARGARET E. MARCROFT et al., Respondents, v CARVEL CORPORATION et al., Defendants and Third-Party Plaintiffs-Appellants. KENNETH KIRSCHBAUM et al., Third-Party Defendants-Respondents, et al., Third-Party Defendants.—In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Nassau County (Roberto, J.), dated January 7, 1985, which (1) granted the motions of the third-party defendants Kirschbaum and Chrysler Corporation to dismiss the third-party complaint, and (2) denied their cross motion for summary judgment dismissing the plaintiffs' action.

Order modified by granting the appellants' cross motion for summary judgment dismissing the plaintiffs' action. As so modified, order affirmed, without costs or disbursements.

The plaintiffs commenced this action against Carvel Corporation and its franchisees Philip and Yiola Vultaggio to recover damages for personal injuries sustained when an automobile driven by the third-party defendant Kenneth Kirschbaum went out of control and crashed into the appellants' ice cream store, striking the plaintiffs who were customers of the store. A previous action by the plaintiffs against the third-party defendants Kirschbaum and Chrysler Corporation was settled prior to the commencement of this action.

Special Term correctly granted the motions of Kirschbaum and Chrysler Corporation to dismiss the third-party complaint, in that the prior settlement released the third-party defendants from any further liability for contribution *(see,* General Obligations Law § 15-108). Special Term should have additionally granted the appellants' cross motion for summary judgment against the plaintiffs. The plaintiffs' complaint alleged that the appellants negligently failed to protect them against the foreseeable risk of a vehicle "encroaching upon their structure". The duty imposed upon the appellants was to use reasonable care under the circumstances, considering the likelihood of injury, the seriousness of injury, and the burden of avoiding the risk *(see, Kush v City of Buffalo,* 59 NY2d 26; *Basso v Miller,* 40 NY2d 233; *Benjamin v City of New York,* 99

AD2d 995, *affd* 64 NY2d 44). In responding to the appellants' cross motion for summary judgment, the plaintiffs failed to supply evidence expert or otherwise to support their allegations that the store's "flimsy construction" permitted the automobile to enter the store or that the store's proximity to major thoroughfares was such that the appellants were reasonably required to erect barriers around the store's entrance. Moreover, the car coming through the storefront window constituted an intervening act which was extraordinary, and not normally foreseeable *(see, Derdiarian v Felix Contr. Corp.,* 51 NY2d 308; *Mack v Altmans Stage Light. Co.,* 98 AD2d 468). Despite the general reluctance to grant summary judgment in negligence actions, the appellants' motion should have been granted in this case. Brown, J. P., Weinstein, Niehoff and Spatt, JJ., concur.