(November 9, 1987)

■ MARK ARENA, an Infant, by LOUIS ARENA, His Parent and Natural Guardian, et al., Respondents, v CAROL E. OSTRIN, Defendant, and SOUTHLAND CORPORATION, Doing Business as 7-11 FOOD STORES, et al., Appellants. (Action No. 1.) MATTHEW MICKIEWICZ, an Infant, by EDWIN MICKIEWICZ, His Father and Natural Guardian, et al., Respondents, v J. D. MACARTHUR PROPERTIES, INC., et al., Appellants, et al., Defendant. (Action No. 2.)—In two negligence actions to recover damages for personal injuries, etc., the defendants Southland Corporation, J. D. MacArthur Properties, Inc., and Henry Capobianco (hereinafter referred to collectively as the Southland defendants) appeal from so much of an order of the Supreme Court, Nassau County (McCabe, J.), dated October 2, 1986, as denied their motion for summary judgment.

Ordered that the order is affirmed insofar as appealed from, with costs payable to the respondents in action No. 2.

The infant plaintiffs in both actions, which were joined for trial, were injured inside a store when an automobile driven by the defendant Carol Ostrin crashed through the storefront and struck them. The accident occurred after Ostrin, while attempting to park her car in the store's parking area, mistakenly depressed the accelerator pedal rather than the brake. Subsequently, the plaintiffs commenced actions against Ostrin, as well as the Southland defendants, comprising the fran-

chiser of the store, its franchisee, and the owner of the property upon which the store was situated.

The plaintiffs' complaints alleged, *inter alia,* that the Southland defendants were negligent in failing to erect barriers, guards or other obstructions so as to prevent vehicles using the parking lot from entering the store. In opposition to the appellants' motion for summary judgment, expert evidence was supplied which supported the plaintiffs' contention that proper engineering standards and good safety practice required the construction of curb stops and vertical post barriers in order to prevent vehicles from striking or breaking through the store.

The duty imposed upon the appellants was to use reasonable care under the circumstances, considering the likelihood of injury, the potential seriousness of injury, and the burden of avoiding the risk *(see, Kush v City of Buffalo,* 59 NY2d 26; *Basso v Miller,* 40 NY2d 233; *Marcroft v Carvel Corp.,* 120 AD2d 651, *lv denied* 68 NY2d 609). The question of "[w]hat safety precautions may reasonably be required of a landowner is almost always a question of fact for the jury" *(Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507, 520, n 8). Moreover, since questions concerning what is foreseeable may be the subject of varying inferences, these issues are generally for the fact finder to resolve *(Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 315, *rearg denied* 52 NY2d 829). In these circumstances, where the store's parking area was specifically designed so that automobiles were required to park close to and facing in toward the storefront, we cannot say, as a matter of law, that the accident was unforeseeable *(see, Derdiarian v Felix Contr. Corp., supra),* or that the defendant Ostrin's intervening act of negligence was of such an extraordinary nature or so attenuated the appellants' possible negligence from the ultimate injuries as to be deemed a superseding cause necessarily relieving the appellant of liability *(see, Kush v City of Buffalo, supra,* at 33; *Derdiarian v Felix Contr. Corp., supra; cf., Marcroft v Carvel Corp., supra).* In view of the foregoing, the appellants' motion for summary judgment was properly denied. In so holding, we pass on no other issue. Mangano, J. P., Brown, Lawrence and Spatt, JJ., concur.