■ Suzanne Rivera, Individually and as Administratrix of the Estate of Jose Rivera, Deceased, et al., Appellants, v Max Goldstein, Defendant, and Flynn-Meye Kissena, Inc., Defendant and Third-Party Plaintiff-Respondent. Norman L. Reiffman et al., Third-Party Defendants-Respondents.—In an action, *inter alia,* to recover damages for wrongful death, the plaintiffs appeal from of an order of the Supreme Court, Queens County (Lerner, J.), dated January 4, 1988, which granted the respondents' respective motions for summary judgment dismissing the complaint and any third-party claims asserted against them.

Ordered that the order is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The instant action arises from an accident in which the defendant Max Goldstein lost control of his motor vehicle causing it to crash through a fence around an outdoor dining area of the McDonald Corporation killing Jose Rivera, a restaurant patron. It is the plaintiffs' contention that the respondents were negligent in not erecting, designing, or maintaining a fence around the outdoor eating area which would have halted the impact from Goldstein's automobile.

Where the evidence as to the cause of an accident is undisputed, the question as to whether any act or omission of the defendant was a proximate cause thereof is one for the court and not for the jury (Rivera v City of New York, 11 NY2d 856). Unquestionably, a proximate cause of the accident was the fact that Goldstein lost control of his motor vehicle, causing it to crash through the fence of the restaurant and strike Rivera. There will ordinarily be no duty imposed on a defendant to prevent a third party from causing harm to another unless the intervening act which caused the plaintiff's injuries was a normal or foreseeable consequence of the situation created by the defendant's negligence (Boltax v Joy Day Camp, 67 NY2d 617). The plaintiffs failed to set forth any evidentiary facts to demonstrate that this particular accident was not a unique occurrence. The fact that the outdoor dining and play area were near two major thoroughfares and the fact that the fence could not withstand the impact of a runaway automobile is insufficient to establish the respondents' liability for the unforeseeable event of a driver losing control of his vehicle (see, Grandy v Bavaro, 134 AD2d 957; Marcroft v Carvel Corp., 120 AD2d 651; cf., Arena v Ostrin, 134 AD2d 306). The restaurant was merely the location of the accident, not the cause (see, Benjamin v City of New York, 99 AD2d 995, affd 64 NY2d 44). Bracken, J. P., Rubin, Spatt and Sullivan, JJ., concur.