■ JOANNA RODRIGUEZ, Appellant, v ARCADIO GUTIERREZ, Defendant, and JO ROC PROPERTIES, LTD., et al., Respondents. [630 NYS2d 531] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Seidell, J.), entered April 28, 1994, which granted the motions of the defendants Pedro Ramirez and Jo Roc Properties, Ltd., for summary judgment dismissing the complaint insofar as it is asserted against them.

Ordered that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

This action arises from an automobile accident in which the defendant Arcadio Gutierrez lost control of the motor vehicle that he was operating while he was intoxicated and crashed into a delicatessen, injuring the plaintiff. The plaintiff contends that the respondents were negligent because they had not erected a protective barrier around the outside of the delicatessen, which would have halted Gutierrez's automobile.

When the evidence of the cause of an accident is undisputed, the question of whether the defendant's act or omission was a proximate cause of the accident is one for the court and not the jury *(see, Rivera v Goldstein,* 152 AD2d 556). Ordinarily, the defendant has no duty to prevent a third party from causing harm to another unless the intervening act that caused the plaintiff's injuries was a normal or foreseeable consequence of the situation created by the defendant's negligence *(see, Boltax v Joy Day Camp,* 67 NY2d 617).

Unquestionably, a proximate cause of the accident in this case was that Gutierrez lost control of his motor vehicle, causing it to crash into the delicatessen and to strike the plaintiff. Moreover, the plaintiff failed to demonstrate that the respondents could have reasonably foreseen that an out-of-control motor vehicle would strike a patron in the delicatessen *(see, Rivera v Goldstein, supra; Marcroft v Carvel Corp.,* 120 AD2d 651). Bracken, J. P., Rosenblatt, Krausman and Goldstein, JJ., concur.