■ NICHOLAS FALSETTA, Respondent, v RONZONI FOODS CORPORATION et al., Appellants, et al., Defendant. [651 NYS2d 56] —In an action to recover damages for personal injuries, the defendants Ronzoni Foods Corporation, Hershey Foods Corporation, and N.Y.C. Industrial Development Agency appeal from so much of an order of the Supreme Court, Queens County (Price, J.), dated November 9, 1995, as denied that branch of their motion for summary judgment which was to dismiss the plaintiff's cause of action based on common law negligence insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion which was for summary judgment dismissing the cause of action based on common law negligence is granted, the complaint is dismissed insofar as asserted against the appellants, and the action against the remaining defendant is severed.

The plaintiff sustained personal injuries as a consequence of

being pinned between the back of his tractor-trailer and a trailer attached to a vehicle operated by his co-employee while they were engaged in an effort to push the plaintiff's vehicle out of gravel in which it had become stuck in a parking lot. The parking lot was located at a manufacturing plant operated by the appellant Ronzoni Foods Corporation (a subsidiary of the appellant Hershey Foods Corporation), and leased from the appellant, N.Y.C. Industrial Development Agency.

Assuming that the appellants negligently failed to give adequate warning to the plaintiff not to use the 48th Street entrance to the parking lot, or that there may be questions of fact in that regard, we nevertheless conclude that the actions of the plaintiff and his co-employee constituted a superseding intervening cause with respect to the accident thus relieving the appellants of any liability to the plaintiff *(see, Curtin v Campbell Distrib. Co.,* 151 AD2d 861; *see also, Kriz v Schum,* 75 NY2d 25, 35; *Kush v City of Buffalo,* 59 NY2d 26, 33; *Ventricelli v Kinney Sys. Rent A Car,* 45 NY2d 950; *Wright v New York City Tr. Auth.,* 221 AD2d 431; *Mack v Altmans Stage Light. Co.,* 98 AD2d 468). Under the circumstances, any negligence on the part of the appellants " 'merely furnished the condition or occasion for the occurrence of the event rather than [being] one of its causes' " *(Wright v New York City Tr. Auth., supra,* at 432, quoting *Sheehan v City of New York,* 40 NY2d 496, 503).

Accordingly, the Supreme Court should have granted that branch of the appellants' motion which was for summary judgment dismissing the plaintiff's cause of action based on common law negligence *(see, Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 316; *Rodriguez v Gutierrez,* 217 AD2d 692; *Rivera v Goldstein,* 152 AD2d 556). Bracken, J. P., Pizzuto, Santucci and Florio, JJ., concur.