■ BEATRICE GUZZO et al., Respondents, v MERCY MEDICAL CENTER et al., Appellants. [673 NYS2d 198] —In an action to recover damages for personal injuries, etc., the defendants Mercy Medical Center, sued also as Mercy Hospital Association, Town of Hempstead, Scully Automated Systems, Inc., Federal Signal Corporation, and Federal APD Incorporated appeal from an order of the Supreme Court, Nassau County (DiNoto, J.), dated October 16, 1997, which denied their respective motions for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, with one bill of costs to the appellants appearing separately and filing separate briefs, the motions for summary judgment are granted, and the complaint is dismissed.

The plaintiff Beatrice Guzzo sustained personal injuries after attempting to insert coins into a coin-operated toll gate device at the entrance to a Mercy Medical Center parking lot. Her foot slipped from the brake, setting her vehicle in motion, resulting in an eventual collision with a tree. Even assuming that the defendants Federal Signal Corporation and Federal APD Incorporated manufactured a defective and dangerous product and that the defendants Mercy Medical Center and Scully Automated Systems, Inc., negligently failed to properly maintain the automated entry device, or that there are questions of fact in that regard, we nevertheless conclude that the actions of the injured plaintiff constituted a superseding, intervening cause with respect to the accident, thus relieving the defendants of any liability (*see, Curtin v Campbell Distrib. Co.*, 151 AD2d 861; *see also, Kriz v Schum*, 75 NY2d 25, 35; *Kush v City of Buffalo*, 59 NY2d 26, 33; *Ventricelli v Kinney Sys. Rent A Car*, 45 NY2d 950; *Wright v New York City Tr. Auth.*, 221 AD2d 431; *Mack v Altmans Stage Light. Co.*, 98 AD2d 468). Any negligence on the part of the defendants " 'merely furnished the condition or occasion for the occurrence of the event rather than [being] one of its causes' " (*Wright v New York City Tr. Auth., supra*, at 432, quoting *Sheehan v City of New York*, 40 NY2d 496, 503).

Accordingly, the Supreme Court should have granted the defendants' motions for summary judgment dismissing the complaint (*see, Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 316; *Rodriguez v Gutierrez*, 217 AD2d 692; *Rivera v Goldstein*, 152 AD2d 556). Friedmann, J. P., Goldstein, Florio and Luciano, JJ., concur.