■ PETER L. RENDINARO, Respondent, v CITY OF NEW YORK, Appellant. [679 NYS2d 72] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Richmond County (Sangiorgio, J.), dated September 11, 1997, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

On July 26, 1987, the plaintiff, Peter L. Rendinaro, was driving southbound on Richmond Road when his vehicle departed from the southbound lane as he was approaching a curve, crossed the northbound lane, and hit a utility pole on the other side of the road. The plaintiff contends that the defendant was negligent in failing to erect a "Slippery When Wet" sign in advance of the curve where he lost control of his vehicle.

Where there are various possible proximate causes of an accident, it is incumbent upon the plaintiff to demonstrate that it is remote that factors other than defendant's negligence caused the accident (*Gayle v City of New York,* 247 AD2d 431). Even assuming that the defendant was negligent in failing to erect a sign, it cannot reasonably be inferred, based on the evidence

set forth, that such conduct was a proximate cause of the plaintiff's accident (*see, Atkinson v County of Oneida,* 59 NY2d 840; *Tomassi v Town of Union,* 46 NY2d 91; *Matter of Fasano v State of New York,* 113 AD2d 885).

Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint (*see, Derdiarian v Felix Constr. Corp.,* 51 NY2d 308, 316; *Rodriguez v Gutierrez,* 217 AD2d 692; *Rivera v Goldstein,* 152 AD2d 556). Pizzuto, J. P., Joy, Florio and Luciano, JJ., concur.