■ Bun Il Park, Respondent, v Korean Presbyterian Church of New York, Appellant, et al., Respondent. [700 NYS2d 54] —In an action to recover damages for wrongful death, the defendant Korean Presbyterian Church of New York appeals from an order of the Supreme Court, Queens County (Berke,

J.), dated February 19, 1999, which denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, the appellant's motion is granted, the complaint and cross claims are dismissed insofar as asserted against the appellant, and the action against the remaining defendant is severed.

The decedent, a member of the defendant Korean Presbyterian Church of New York (hereinafter the Church), was standing on the steps of the Church when he was struck by a car driven by a fellow church member, the defendant Sam Koo. The accident occurred when Koo exited his vehicle while on church property. Upon attempting to reenter his vehicle as it rolled forward, Koo stepped on the gas pedal instead of the brake, causing the car to accelerate forward and mount the steps of the Church, where the decedent was standing. The decedent's injuries resulted in his death later that day.

A landowner has a duty to maintain his or her property in reasonably safe condition and the question of "[w]hat safety precautions may reasonably be required of a landowner is almost always a question of fact for the jury" (*Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507, 520, n 8; *see, Arena v Ostrin,* 134 AD2d 306). However, "[t]here will ordinarily be no duty imposed on a defendant to prevent a third party from causing harm to another unless the intervening act which caused the plaintiff's injuries was a normal and foreseeable consequence of the situation created by the defendant's negligence" (*Rivera v Goldstein,* 152 AD2d 556, 557). "[L]iability may not be imposed upon a party who 'merely furnished the condition or occasion for the occurrence of the event' but was not one of its causes" (*Shatz v Kutshers Country Club,* 247 AD2d 375, quoting *Sheehan v City of New York,* 40 NY2d 496, 503).

Here, the accident was not a normal and foreseeable consequence of any actions of the Church. The Church merely provided an area to drop off passengers, thereby furnishing the condition for the accident, but not a cause. S. Miller, J. P., O'Brien, McGinity and Feuerstein, JJ., concur.