■ LUZMILA P. MARTINEZ, Respondent, v JOSEPH P. SANTORO, Doing Business as McDONALD'S RESTAURANT, Appellant. [710 NYS2d 374] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Dye, J.), dated July 9, 1999, which denied his motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff allegedly was injured when she was knocked down by a panhandler who was opening the door to the defendant's restaurant. In his motion for summary judgment the defendant made a prima facie showing of entitlement to judgment as a matter of law. In opposition, the plaintiff asserted that there are issues of fact as to whether the defendant breached his duty to exercise reasonable care to maintain his property in a safe condition. The Supreme Court incorrectly concluded that such issues exist.

A party who possesses real property, either as an owner or as a tenant, is under a duty to exercise reasonable care to maintain that property in a safe condition, and this duty includes the undertaking of minimal precautions to protect members of the public from the reasonably foreseeable acts of third persons (*see, Murphy v Turian House,* 232 AD2d 535; *Provenzano v Roslyn Gardens Tenants Corp.,* 190 AD2d 718; *De Rosa v Fordham Univ.,* 18 AD2d 1056). However, there is no legal duty to protect against an occurrence which is extraordinary in nature and would not suggest itself to a reasonably careful and prudent person as one which should be guarded against (*see, Lindskog v Southland Rest.,* 160 AD2d 842, 843). The incident between the panhandler and the plaintiff was an unexpected and unforeseeable occurrence which a reasonably careful and prudent person would not have anticipated or guarded against (*see, Elba v Billie's 1890 Saloon,* 227 AD2d 438). Accordingly, the defendant is entitled to summary judgment dismissing the complaint. Mangano, P. J., Santucci, Krausman, Florio and Schmidt, JJ., concur.