■ Rodney C. Comolli et al., Appellants, v 81 and 13 Cortland Associates, L.P., Respondent, and Corona Seventh Day Adventist Church et al., Appellants, et al., Defendants. (Action No. 1.) Carol L. Hill, Individually and as Executor of Cassandra Hill, Deceased, and as Parent and Guardian of Ariel Corl, an Infant, Appellant, v 81 and 13 Cortland Associates, L.P., Respondent, and Corona Seventh Day Adventist Church et al., Appellants, et al., Defendants. (Action No. 2.) [727 NYS2d 795] —Peters, J. Appeal from an order of the Supreme Court (Rumsey, J.), entered September 1, 2000 in Cortland County, which granted a motion by defendant 81 and 13 Cortland Associates, L.P. for summary judgment dismissing the complaints against it.

These actions arise out of a motor vehicle-pedestrian collision occurring at a strip mall owned by defendant 81 and 13 Cortland Associates, L.P. (hereinafter Cortland) in the City of Cortland, Cortland County. On May 25, 1995, defendant Trevor H. Pindling, volunteer director of defendant Corona Pathfinder Club, an affiliate of defendants Corona Seventh Day Adventist Church and Northeastern Conference of the Seventh Day Adventist (hereinafter collectively referred to as Corona), fell asleep while operating his van in the parking lot of the strip mall. The van jumped the curb of the access road which ran parallel to the storefronts and struck Cassandra Hill (hereinafter decedent), killing her as she stood next to her mother, plaintiff Carol L. Hill, and her sister, Ariel Corl. The van then bounced off a building and hit plaintiffs Rodney C. Comolli and Brenda H. Comolli (hereinafter collectively referred to as the Comollis), causing them severe personal injuries.

The Comollis commenced action No. 1 and Hill, individually and as executor of decedent's estate and as guardian of Ariel, commenced action No. 2, both naming Cortland, Corona and Pindling, among others, as defendants.* The allegations include theories of, *inter alia*, negligence, wrongful death and the negligent infliction of emotional distress. Cortland moved for summary judgment seeking a dismissal of the complaints by contending, *inter alia*, that Pindling's negligent driving was the proximate cause of the accident. Plaintiffs and Corona opposed the motion, contending that the accident had more than one proximate cause. Plaintiffs further submitted the affidavit of James Napoleon, a civil engineer, who opined that the ac-

---

* P&C Food Markets, Inc. and its corporate parent were originally named as defendants. By order of Supreme Court dated September 22, 1998, those defendants were granted summary judgment dismissing the complaints against them.

cess road and parking lot were negligently designed by the failure to have included, *inter alia*, rumble strips and barriers to impede traffic and protect pedestrians. After Cortland's submission of the reply affidavit of Keith Turner, an architect, who controverted each and every design defect raised by plaintiffs, Supreme Court, finding that Pindling falling asleep at the wheel constituted an extraordinary and unforeseeable intervening act, dismissed the complaints against Cortland. Plaintiffs and Corona appeal.

While conflicting expert affidavits may well have raised an issue as to whether Cortland breached a duty to have designed and maintained the parking lot in a reasonably safe condition (*see, Bingell v County of Schuyler*, 260 AD2d 926, 927; *Reinemann v Stewart's Ice Cream Co.*, 238 AD2d 845, 846; *Ramsammy v City of New York*, 216 AD2d 234, 236-237, *lv dismissed and denied* 87 NY2d 894), "[t]here will ordinarily be no duty imposed on a defendant to prevent a third party from causing harm to another unless the intervening act which caused the plaintiff's injuries was a normal or foreseeable consequence of the situation created by the defendant's negligence" (*Rivera v Goldstein*, 152 AD2d 556, 557; *see, Di Ponzio v Riordan*, 89 NY2d 578, 583-584; *Bun Il Park v Korean Presbyt. Church*, 267 AD2d 268, 269, *lv denied* 94 NY2d 764; *Rodriguez v Gutierrez*, 217 AD2d 692). Although we acknowledge that the issue of proximate cause is usually determined by a jury (*see, Derdiarian v Felix Contr. Corp.*, 51 NY2d 308), where, as here, the facts are undisputed, the question becomes one for the court (*see, Sheehan v City of New York*, 40 NY2d 496, 502; *Rivera v City of New York*, 11 NY2d 856, 857; *Rodriguez v Gutierrez, supra*, at 692; *Rivera v Goldstein, supra*, at 557).

The record reveals plaintiffs' failure to set forth any evidentiary facts which demonstrate that the alleged design defect of either the parking lot or access road was a "cause[ ] * * * of the accident from which the injuries flow" (*Rivera v City of New York, supra*, at 857). Even if such alleged defect may have permitted the van to have access to plaintiffs, it was the intervening act—falling asleep at the wheel—which caused the accident (*see, id.*, at 857). Lacking a showing that this act was anything other than a "unique occurrence" (*Rivera v Goldstein, supra*, at 557), no duty could be imposed upon Cortland "for the unforeseeable event of a driver losing control of his vehicle" (*id.*, at 557; *see, Grandy v Bavaro*, 134 AD2d 957, *lv denied* 71 NY2d 802; *Marcroft v Carvel Corp.*, 120 AD2d 651, *lv denied* 68 NY2d 609; *cf., Phelan v Ferello*, 207 AD2d 874; *Arena v Ostrin*, 134 AD2d 306). The design of the parking lot or access

road "merely furnished the condition or occasion for the occurrence of the event rather than one of its causes" (*Sheehan v City of New York*, 40 NY2d 496, 503, *supra*; *see, Margolin v Friedman*, 43 NY2d 982; *Morales v Lia*, 238 AD2d 786; *Hersman v Hadley*, 235 AD2d 714, *lv denied* 90 NY2d 802; *Vayser v Waldbaum, Inc.*, 225 AD2d 760).

Mercure, J. P., Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.