# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1255**
**CA 11-00842**
PRESENT: FAHEY, J.P., PERADOTTO, LINDLEY, AND MARTOCHE, JJ.

---

RACHEL L. STERN, PLAINTIFF-RESPONDENT-APPELLANT,

V                                        MEMORANDUM AND ORDER

GUY H. EASTER, INDIVIDUALLY AND DOING BUSINESS
AS BROOKLAWN GOLF CLUB, MIDCOURT BUILDERS CORP.,
DEFENDANTS-APPELLANTS-RESPONDENTS,
PEMCO PROPERTIES III, PG ASSOCIATES,
DEFENDANTS-RESPONDENTS,
AND JOHN DOE, DEFENDANT.

---

LIPPMAN O'CONNOR, BUFFALO (ROBERT H. FLYNN OF COUNSEL), FOR
DEFENDANTS-APPELLANTS-RESPONDENTS.

HISCOCK & BARCLAY, LLP, SYRACUSE (DAVID G. BURCH, JR., OF COUNSEL),
FOR PLAINTIFF-RESPONDENT-APPELLANT.

SANTACROSE & FRARY, ALBANY (RICHARD S. POVEROMO OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS.

---

Appeal and cross appeal from an order of the Supreme Court, Onondaga County (Donald A. Greenwood, J.), entered October 5, 2010. The order granted the motion of defendants Pemco Properties III and PG Associates for summary judgment, and granted in part and denied in part the motion of defendants Guy H. Easter, individually and doing business as Brooklawn Golf Club, and Midcourt Builders Corp. for summary judgment.

It is hereby ORDERED that the order so appealed from is modified on the law by granting the motion of defendants Guy H. Easter, individually and doing business as Brooklawn Golf Club, and Midcourt Builders Corp. in its entirety and dismissing the complaint against them and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained when she was struck by a golf ball that was driven by an unknown golfer allegedly from the 18th tee of the Brooklawn Golf Club (Brooklawn), which is owned by defendant Midcourt Builders Corp. (Midcourt). Defendant Guy H. Easter and his wife are the owners of Midcourt. At the time she was struck, plaintiff was having coffee with a friend at the outdoor patio area of an office building adjacent to the golf course. The building was owned by defendants Pemco Properties III and PG Associates (Pemco defendants). Plaintiff asserted causes of action for negligence against Easter,

individually and doing business as Brooklawn, and against Midcourt, the Pemco defendants and "John Doe," the golfer who allegedly struck the ball from the 18th tee.

Following discovery, the Pemco defendants, as well as Easter and Midcourt, moved for summary judgment dismissing the complaint against them. Supreme Court granted the motion of the Pemco defendants and granted only that part of the motion of defendants Easter and Midcourt with respect to Easter. We conclude that the court should have granted the motion of Easter and Midcourt in its entirety, and we therefore modify the order accordingly.

As plaintiff correctly contends, a property owner generally owes a duty "to exercise reasonable care in the maintenance of its property to prevent foreseeable injury that might occur on the adjoining property" (*Gayden v City of Rochester*, 148 AD2d 975, 975; *see Gellman v Seawane Golf & Country Club, Inc.*, 24 AD3d 415, 418). There is, however, "no legal duty to protect against an occurrence which is extraordinary in nature and would not suggest itself to a reasonably careful and prudent person as one which should be guarded against" (*Martinez v Santoro*, 273 AD2d 448, 448). Thus, a golf course may not be held liable "within the concepts of negligence [for golf balls entering adjoining property where there is] lack of notice . . . and lack of foreseeability" (*Nussbaum v Lacopo*, 27 NY2d 311, 316). Here, "[t]he record does not support a conclusion that the occurrence was frequent. In fact, plaintiff's evidence . . . is consistent with occasional incursions only. Thus, there is no [evidence] upon which to base a finding of even constructive notice," nor is there evidence upon which to base a finding of foreseeability (*id.*).

The uncontroverted evidence in the record before us establishes that the patio area where plaintiff was struck by the golf ball was constructed many years after the golf course had been built. Moreover, the patio was over 200 yards from the 18th tee, and over 150 feet from the middle of the 18th fairway. The friend with whom plaintiff was having coffee is the only source of evidence that any golf ball had ever entered the patio area. According to the friend's deposition testimony, he recalled that, on one occasion during a company picnic, a golf ball had rolled onto the patio from the direction of the 18th tee. Midcourt, however, had no notice of that occurrence. Rather, the evidence submitted by plaintiff established that Midcourt had notice that only two golf balls struck the building owned by the Pemco defendants over the course of 15 years. One of the balls struck the building approximately 75 feet from the patio area, while the other ball struck the building approximately 100 feet from the patio area. We note that the record is devoid of evidence that those golf balls were driven from the 18th tee and, given the configuration of the golf course, it would be merely speculative to conclude that they were (*see generally Mallen v Farmingdale Lanes, LLC*, 89 AD3d 996; *Endieveri v County of Oneida*, 35 AD3d 1268).

In any event, even assuming, arguendo, that the golf balls that struck the building were driven from the 18th tee, we conclude that two such incursions over the course of approximately 15 years is too

infrequent to constitute notice of an unreasonably dangerous condition (*see Nussbaum*, 27 NY2d at 316).  While " '[q]uestions concerning foreseeability and proximate cause are generally questions for the jury' " (*Paul v Cooper*, 45 AD3d 1485, 1487; *see Prystajko v Western N.Y. Pub. Broadcasting Assn.*, 57 AD3d 1401), "where only one conclusion may be drawn from the established facts . . . the question of legal cause may be decided as a matter of law" (*Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315, *rearg denied* 52 NY2d 784, 829).  That is the case here with respect to the issue of foreseeability.  The incursion of golf balls onto the property where plaintiff was situated was so minimal and infrequent as to compel the conclusion that, as a matter of law, the golf ball incident in question was an extraordinary occurrence that a reasonably prudent golf course owner would not be expected to guard against (*see generally Martinez v Santoro*, 273 AD2d 448; *Clifford v Sachem Cent. School Dist. at Holbrook*, 271 AD2d 470, *lv denied* 95 NY2d 759).

For the same reasons, we conclude that the court properly granted the motion of the Pemco defendants.  Plaintiff submitted evidence that those defendants had notice of only two golf balls striking the building, and neither ball landed in or within 75 feet of the patio area where plaintiff was injured.  Although there was evidence that vehicles in the parking lot of the Pemco defendants were hit by balls driven from the 10th tee, the patio is on a different side of the building from the side adjacent to the parking lot.  In addition, the patio is behind the 10th tee, rendering it highly unlikely that a ball struck therefrom or from anywhere else on that hole could land in the patio area.  Thus, the fact that golf balls driven from the 10th tee sometimes landed in the parking lot did not serve to place the Pemco defendants on notice that someone in the patio area could be struck by a golf ball.  We therefore conclude that, as with Midcourt, evidence that two balls struck the Pemco defendants' building over a course of approximately 15 years is simply too minimal and infrequent to give rise to liability against the Pemco defendants.

All concur except FAHEY, J.P., who dissents and votes to modify in accordance with the following Memorandum:  I respectfully dissent. I cannot agree with the majority that Supreme Court erred in denying that part of the motion of defendants Guy H. Easter, individually and doing business as Brooklawn Golf Club (Easter), and Midcourt Builders Corp. (Midcourt) for summary judgment dismissing the complaint against Midcourt.  I also disagree with the majority that the court properly granted the motion of defendants Pemco Properties III and PG Associates (Pemco defendants) for summary judgment dismissing the complaint against them.

Turning first to the motion of Easter and Midcourt, as the majority correctly notes, a golf course may not be held liable "within the concepts of negligence [for golf balls entering adjoining property where there is] lack of notice . . . and lack of foreseeability" (*Nussbaum v Lacopo*, 27 NY2d 311, 316).  In my view, however, plaintiff raised an issue of fact whether Midcourt had actual or constructive notice of the threat of a high-velocity golf ball impact in the area of the premises owned by the Pemco defendants where plaintiff was

injured on April 17, 2006.  The record establishes that Midcourt knew that errant golf shots had entered the premises of the Pemco defendants, causing damage to windshields and breaking windows in the office building located there.  That damage, as plaintiff's expert noted, could only have been caused by "high trajectory, high speed golf ball flight."  Plaintiff's expert further stated that the unprotected seating area for the public on the premises of the Pemco defendants, i.e., the patio area where plaintiff was struck, "leaves visitors in the direct path of an errant shot."

This case is distinguishable from *Nussbaum*.  There, the plaintiff lived in a home abutting the fairway of the 13th hole of the defendant country club.  Between the plaintiff's patio and that fairway was approximately 20 to 30 feet of rough, and located in that rough was a natural barrier of trees that ranged in height from 45 to 60 feet.  The injury at issue there occurred in June 1963, when a trespasser struck a ball from the 13th tee, at a time when the rough was dense and the trees were in full foliage.  The shot crossed into the area of the plaintiff's patio and hit the plaintiff (*id.* at 314).

The plaintiff in *Nussbaum* commenced an action against, inter alia, the golf course, asserting causes of action for nuisance and negligence against it.  In concluding that the plaintiff was not entitled to damages for nuisance, the Court of Appeals noted that, "according to [the] plaintiff and his wife, [the presence of] a few golf balls, which were found in the *bushes* and *fence area* of [the] plaintiff's backyard," were minimal trespasses that would not warrant the granting of an injunction and could not sustain recovery for the plaintiff's injuries under a theory of nuisance (*id.* at 316).  The location where the golf balls were found was also germane to the Court's conclusion that the defendant country club did not have notice of a danger, and that the accident was unforeseeable.  In sum, the Court concluded that minimal invasions in the bushes and fence area of the plaintiff's property did not give notice of the danger of the type of intrusion, i.e., a high-velocity strike, that caused the plaintiff's injuries.  In that vein, the Court noted that the plaintiff's wife had testified that "no golf ball ever struck her house," and that there was no evidence that a golf ball had previously passed over or through the rough and trees that guarded the plaintiff's house (*id.* at 317).

Here, unlike in *Nussbaum*, Midcourt had notice of prior *high-velocity intrusions* onto the premises of the Pemco defendants, i.e., intrusions of the nature that caused plaintiff's injuries.  More to the point, the key to the issue of notice with respect to Midcourt is the nature of the prior intrusions onto the premises of the Pemco defendants, which were capable of causing the injuries at issue here.  As the Court of Appeals wrote in *Nussbaum*, "[i]t was that potential occurrence[, i.e., a high-velocity impact,] which might constitute a danger, and no notice of such an incident was given" (*id.*).  Here, however, the record in this case establishes that notice of such a high-velocity impact was given.

I further conclude with respect to the motion of defendants

Easter and Midcourt that there is an issue of fact whether the accident was foreseeable with respect to Midcourt. The record establishes that the premises of the Pemco defendants, including the patio area where plaintiff was struck, was unprotected from errant shots. At the time of the accident, the course was open and immature. Moreover, the patio area was protected only by three trees. In my view, that lack of protection made the possibility of this accident "clear 'to the ordinarily prudent eye' " (*id.*), especially given the evidence of prior impacts at the premises of the Pemco defendants and the opinion of plaintiff's expert that the patio was within reach of a shot from the 18th tee even in spite of the trees.

Turning now to the motion of the Pemco defendants, "as a general matter, an owner owes no duty to warn or to protect others from a defective or dangerous condition on neighboring premises, unless the owner had created or contributed to it" (*Galindo v Town of Clarkstown*, 2 NY3d 633, 636). The basis for such a rule, as the *Galindo* Court noted, is "obvious—a person who lacks ownership or control of property cannot fairly be held accountable for injuries resulting from a hazard on the property" (*id.; see Haymon v Pettit*, 9 NY3d 324, 328, *rearg denied* 10 NY3d 745).

The *Galindo* rule does not require dismissal of the complaint against the Pemco defendants. "In *Galindo*, [the Court of Appeals] left open 'the possibility that some dangers from neighboring property might be so clearly known to the landowner, *though not open or obvious to others*, that a duty to warn would arise' " (*Clementoni v Consolidated Rail Corp.*, 8 NY2d 963, 965, quoting *Galindo*, 2 NY3d at 637). Here, in my view, there was such a danger. The Pemco defendants knew that a tenant on their premises had constructed the patio and that there were two broken windows at the building on their premises as a result of golf balls striking those windows. The windows logically could have been broken only by a high-velocity impact. The patio is situated adjacent to the building on the premises of the Pemco defendants and thus, logically, high-velocity strikes that imperiled the windows of the building also imperiled patrons of the patio. Consequently, in my view, the danger of an accident such as this was so clearly known to the Pemco defendants that a duty to warn arose (*cf. Galindo*, 2 NY3d at 637-638).

Entered:  February 10, 2012                    Frances E. Cafarell
                                               Clerk of the Court