■ KATHLEEN DAWKINS et al., Appellants, v IRIS MASTRANGELO, Defendant, and STOP & SHOP SUPERMARKET COMPANY, LLC, et al., Respondents. [26 NYS3d 569]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Asher, J.), dated May 22, 2014, which granted the separate motions of the defendants Stop & Shop Supermarket Company, LLC, and Ridgeway Plaza, LLC, for summary judgment dismissing the complaint insofar as asserted against each of them.

Ordered that the order is affirmed, with one bill of costs.

On May 20, 2010, the injured plaintiff was in a Stop & Shop Supermarket bottle return room when a motor vehicle crashed through the glass doors and struck her. Prior to the accident, the defendant driver parked her car in the no-parking, fire zone at the front of the store. As other vehicle and pedestrian traffic increased, the defendant driver moved her car. The car unexpectedly accelerated forward into the bottle return room, striking the injured plaintiff. The injured plaintiff and her husband, suing derivatively (hereinafter together the plaintiffs), commenced this action to recover damages for personal injuries, etc., against the defendant driver, Stop & Shop Supermarket Company, LLC (hereinafter Stop & Shop), and Ridgeway Plaza, LLC (hereinafter Ridgeway), the owner of the property. The Supreme Court granted the separate motions of Stop & Shop and Ridgeway for summary judgment dismissing the complaint insofar as asserted against each of them. The plaintiffs appeal, and we affirm.

"A landowner has a duty to exercise reasonable care to maintain its premises in a reasonably safe condition 'in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk' " (*Salomon v Prainito*, 52 AD3d 803, 804 [2008], quoting *Basso v Miller*, 40 NY2d 233, 241 [1976]). However, a landowner does not have a "duty to protect against an occurrence which is extraordinary in nature and, as such, would not suggest itself to a reasonably careful and prudent person as one which should be guarded against" (*Fellis v Old Oaks Country Club*, 163 AD2d 509, 511 [1990] [internal quotation

marks omitted]; *see Martinez v Santoro*, 273 AD2d 448 [2000]). "There will ordinarily be no duty imposed on a defendant to prevent a third party from causing harm to another unless the intervening act which caused the plaintiff's injuries was a normal or foreseeable consequence of the situation created by the defendant's negligence" (*Rivera v Goldstein*, 152 AD2d 556, 557 [1989]; *see Boltax v Joy Day Camp*, 67 NY2d 617 [1986]).

Here, Stop & Shop and Ridgeway established their prima facie entitlement to judgment as a matter of law by demonstrating, through an expert's affidavit, that they maintained the premises in a reasonably safe condition and did not have a duty to construct and install bollards or other protective measures to protect against the conduct of the defendant driver (*see Marcroft v Carvel Corp.*, 120 AD2d 651 [1986]). Furthermore, Stop & Shop and Ridgeway established, prima facie, that the conduct of the defendant driver, in inexplicably losing control of her vehicle, was an unforeseeable intervening cause of the accident (*see Rivera v Goldstein*, 152 AD2d 556 [1989]; *Rodriguez v Gutierrez*, 217 AD2d 692 [1995]). Stop & Shop and Ridgeway demonstrated, prima facie, that the location of the parking lot relative to the bottle return room merely furnished the condition or occasion for the accident, rather than one of its causes (*see Bun Il Park v Korean Presbyt. Church of N.Y.*, 267 AD2d 268 [1999]; *Rivera v Goldstein*, 152 AD2d at 557; *Benjamin v City of New York*, 99 AD2d 995 [1984], *affd* 64 NY2d 44 [1984]).

In opposition, the plaintiffs failed to raise a triable issue of fact.

Accordingly, the Supreme Court properly granted the separate motions of Stop & Shop and Ridgeway for summary judgment dismissing the complaint insofar as asserted against each of them. Balkin, J.P., Hall, Roman and Maltese, JJ., concur.