DiMilia v Hogarty (2020 NY Slip Op 02458)





DiMilia v Hogarty


2020 NY Slip Op 02458


Decided on April 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
COLLEEN D. DUFFY
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2017-00459
 (Index No. 577/13)

[*1]Theresa F. DiMilia, et al., plaintiffs-appellants,
v
Margaret Hogarty, defendant-appellant, Wendy's Old Fashioned Hamburgers of New York, Inc., respondent, et al., defendants.


Shayne, Dachs, Sauer & Dachs, LLP, Mineola, NY (Jonathan A. Dachs of counsel), for plaintiffs-appellants.
Charles F. Harms, Jr., Garden City, NY (Michael Palmeri, Claude N. Grammatico, and James Frankini of counsel), for defendant-appellant.
Lester Schwab Katz & Dwyer, LLP, New York, NY (Daniel S. Kotler of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal, and the defendant Margaret Hogarty separately appeals, from an order of the Supreme Court, Nassau County (Randy Sue Marber, J.), entered December 7, 2016. The order, insofar as appealed from by the plaintiffs, granted that branch of the motion of the defendant Wendy's Old Fashioned Hamburgers of New York, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it. The order, insofar as appealed from by the defendant Margaret Hogarty, granted those branches of the motion of the defendant Wendy's Old Fashioned Hamburgers of New York, Inc., which were for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.
ORDERED that the appeal by the defendant Margaret Hogarty from so much of the order as granted those branches of the motion of defendant Wendy's Old Fashioned Hamburgers of New York, Inc., which were for summary judgment dismissing the complaint insofar as asserted against it and all cross claims asserted against it, except those cross claims asserted by the defendant Margaret Hogarty, is dismissed, as the defendant Margaret Hogarty is not aggrieved by that portion of the order (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 156); and it is further,
ORDERED that the order is affirmed insofar as appealed from by the plaintiffs and insofar as reviewed on the appeal by the defendant Margaret Hogarty; and it is further,
ORDERED that one bill of costs is awarded to the defendant Wendy's Old Fashioned Hamburgers of New York, Inc., payable by the plaintiffs and by the defendant Margaret Hogarty appearing separately and filing separate briefs.
The plaintiffs Theresa DiMilia and Samantha DiMilia (hereinafter together the two [*2]plaintiffs) commenced this action against, among others, the defendant Wendy's Old Fashioned Hamburgers of New York, Inc. (hereinafter Wendy's), and the defendant Margaret Hogarty to recover damages for personal injuries they each sustained when they were struck by a vehicle driven by Hogarty as they were walking out of a Wendy's restaurant in Williston Park. The plaintiff John DiMilia, the husband of Theresa DiMilia and the father of Samantha DiMilia, also sued derivatively (hereinafter collectively with Theresa and Samantha DiMilia, the three plaintiffs). According to the complaint, the two plaintiffs had just exited the Wendy's restaurant when a vehicle operated by Hogarty suddenly accelerated forward into the side of the building, striking them and pinning them against the building. The three plaintiffs alleged that Wendy's was negligent in allowing the parking lot to "become and remain in a dangerous . . . defective and unsafe condition by not having proper pedestrian protection, such as . . . bollards." Thereafter, Wendy's moved for summary judgment dismissing the complaint and all cross claims and counterclaims insofar as asserted against it. The Supreme Court, among other things, granted the motion in its entirety.
Although a party who possesses real property, either as an owner or as a tenant, has a duty to exercise reasonable care to maintain its premises in a reasonably safe condition (see Dawkins v Mastrangelo, 137 AD3d 739, 739; Martinez v Santoro, 273 AD2d 448, 448), that party does not have a " duty to protect against an occurrence which is extraordinary in nature and, as such, would not suggest itself to a reasonably careful and prudent person as one which should be guarded against'" (Dawkins v Mastrangelo, 137 AD3d at 739, quoting Fellis v Old Oaks Country Club, 163 AD2d 509, 511; see Martinez v Santoro, 273 AD2d at 448). "There will ordinarily be no duty imposed on a defendant to prevent a third party from causing harm to another unless the intervening act which caused the plaintiff's injuries was a normal or foreseeable consequence of the situation created by the defendant's negligence" (Rivera v Goldstein, 152 AD2d 556, 557; see Guo Hua Wang v Lang, 47 AD3d 766, 767).
We agree with the Supreme Court's determination granting those branches of Wendy's motion which were for summary judgment dismissing the complaint insofar as asserted against it and the cross claim asserted against it by Hogarty. Wendy's established its prima facie entitlement to judgment as a matter of law by demonstrating, inter alia, through its expert's affidavit that it maintained the premises in a reasonably safe condition and did not have a duty to protect against the unforseeable conduct of Hogarty (see Dawkins v Mastrangelo, 137 AD3d at 740; Marcroft v Carvel Corp., 120 AD2d 651, 651-652). Wendy's demonstrated, prima facie, that the location of the parking lot relative to where the two plaintiffs were walking merely furnished the condition or occasion for the accident, rather than served as one of its causes (see Dawkins v Mastrangelo, 137 AD3d at 740; Bun Il Park v Korean Presbyt. Church of N.Y., 267 AD2d 268, 269).
In opposition, neither the three plaintiffs nor Hogarty raised a triable issue of fact as to whether Wendy's was negligent or that the subject accident was foreseeable.
MASTRO, J.P., DUFFY, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court