Collins v Delaware Ave. Enters., Inc. (2021 NY Slip Op 03162)





Collins v Delaware Ave. Enters., Inc.


2021 NY Slip Op 03162


Decided on May 19, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2019-09577
 (Index No. 605504/18)

[*1]William Collins, appellant, 
v
Delaware Avenue Enterprises, Inc., respondent.


Kujawski & Kujawski, Deer Park, NY (Jennifer A. Spellman of counsel), for appellant.
Andrea G. Sawyers, Melville, NY (Scott W. Driver of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Vincent J. Martorana, J.), dated July 25, 2019. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
On September 28, 2015, at approximately 7:45 p.m., a motor vehicle jumped over a curb and sidewalk, traveled across the front parking lot of a strip mall, jumped over an elevated walkway, and crashed into the portion of a building owned by the defendant and occupied by a tenant fitness center. The plaintiff was sitting inside the building when the vehicle crashed through the front window and struck him. The plaintiff subsequently commenced this personal injury action against the defendant. The Supreme Court granted the defendant's motion for summary judgment dismissing the complaint, and the plaintiff appeals.
A property owner has a duty to exercise reasonable care to maintain its premises in a reasonably safe condition (see DiMilia v Hogarty, 182 AD3d 578, 580; Dawkins v Mastrangelo, 137 AD3d 739; Martinez v Santoro, 273 AD2d 448). "However, there is no legal duty to protect against an occurrence which is extraordinary in nature and, as such, would not suggest itself to a reasonably careful and prudent person as one which should be guarded against" (Fellis v Old Oaks Country Club, 163 AD2d 509, 511 [alterations and internal quotation marks omitted]; see Dawkins v Mastrangelo, 137 AD3d at 739; Martinez v Santoro, 273 AD2d at 448). "There will ordinarily be no duty imposed on a defendant to prevent a third party from causing harm to another unless the intervening act which caused the plaintiff's injuries was a normal or foreseeable consequence of the situation created by the defendant's negligence" (Rivera v Goldstein, 152 AD2d 556, 557; see Guo Hua Wang v Lang, 47 AD3d 766, 767).
Here, the defendant established, prima facie, that it maintained its premises in a reasonably safe condition and that it did not have a duty to protect against the unforseen intervening conduct of the nonparty driver (see DiMilia v Hogarty, 182 AD3d at 580; Dawkins v Mastrangelo, 137 AD3d at 740; Marcroft v Carvel Corp., 120 AD2d 651). In opposition, the plaintiff failed to raise a triable issue of fact. Contrary to the plaintiff's contention, the motion was not premature (see [*2]CPLR 3212[f]).
Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint.
RIVERA, J.P., CONNOLLY, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court